**Samuel DONALDSON, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PENNSYLVANIA WORKERS' COMPENSATION SECURITY FUND and Joseph B. Fay Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 20, 1998.

Decided March 26, 1999.

Chris Michael Temple, Pittsburgh, for petitioner.

Warren D. Ferry, Butler, for respondent.

Before McGINLEY, J., LEADBETTER, J., and RODGERS, Senior Judge.

LEADBETTER, Judge.

Claimant, Samuel Donaldson, petitions for review of the September 3, 1997 order of the Workers' Compensation Appeal Board (Board) affirming the order of the workers' compensation judge (WCJ). The question presented is whether the Workers' Compensation Security Fund (Fund) has a valid statutory subrogation lien with respect to claimant's third-party recovery in a civil action.

Donaldson sustained a work-related injury on May 1, 1985, while working for Joseph B. Fay Company. Pursuant to a Notice of Compensation Payable, Westmoreland Casualty, employer's insurance carrier at the time of the injury, initially paid claimant's compensation benefits. However, in 1988, Westmoreland became insolvent and the Fund assumed responsibility for paying claimant's compensation benefits. In January of 1994, the Fund filed a petition to modify compensation benefits alleging that claimant had obtained a third-party recovery as a result of his work injury. Prior to its insolvency, Westmoreland had paid benefits totaling $84,096.33, and as of the time of the hearing, the Fund had paid $108,106.09. Pursuant to Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671,[1] the WCJ granted a subrogation lien in favor of the Fund in the total amount of prior benefits paid and, after deducting employer's pro rata share of fees and expenses for the civil action, ordered claimant to reimburse the fund in the amount of $121,972.88 from his recovery of $1,607,-864.10. The WCJ also computed a grace period of 4,304 weeks against future compensation, during which the Fund must pay claimant only its pro rata share of fees and expenses. Except for a modification of the grace period relating to future medical expenses, the Board affirmed the order of the WCJ. No issue is raised on appeal regarding the amount or computation of these liens; claimant challenges only the Fund's inherent right to subrogation under Section 319. This is a question of law over which we exercise plenary review.

Neither our court nor the Pennsylvania Supreme Court has addressed this issue. However, the Superior Court, in *Miles v. Van Meter*, 427 Pa.Super. 278, 628 A.2d 1159 (1993), *alloc. denied*, 537 Pa. 611, 641 A.2d

---

1. Section 319 provides in relevant part:
   "*Where the* compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under this article by the employer...."

311 (1994), faced a similar issue and concluded that the Fund did have the right of subrogation. Although we are not bound by the decision of the Superior Court, we agree with its conclusion. As that court first noted, although the language of the statute provides for subrogation rights only in the *employer*:

> Our courts have construed [Section 319] to include subrogation rights not only to an employer but also to an insurer of the employer. *See Reliance Ins. Co. v. Richmond Machine Co.*, 309 Pa.Super. 430, 434, 455 A.2d 686, 688 n. 4 (1983) (the law is clear that an insurer of the employer may sue to enforce its subrogation rights under [Section 319,] 77 P.S. § 671).

628 A.2d at 1162.

For the same reasons that we have construed the term "employer" to include the employer's insurance carrier, it logically follows that we should include the Fund. Moreover, the Workers' Compensation Security Fund Act [2] provides:

> The commissioner [as administrator of the Fund] shall be entitled to recover the sum of all liabilities of such insolvent carrier assumed by the fund from such carrier ... and [from] all others, except employers, liable under any of the terms of the Workmen's Compensation Law, and may prosecute an action or other proceedings therefor.

Section 11, 77 P.S. § 1061(4). The legislature clearly intended for the Fund to be reimbursed for its payments whenever possible. Donaldson argues that a claimant cannot be "liable" under the Act and thus, the Commissioner has no right of action against him under Section 11. However, we believe that where a claimant has collected a third party recovery, he does in fact become liable for reimbursement under Section 319.

Next, Claimant appears to argue that the statutes require the Commissioner to assert the Section 319 subrogation claim in her capacity as statutory receiver of the insolvent carrier and then, in her capacity as administrator of the Fund, assert a Section 11 claim against herself [as receiver of the carrier] for reimbursement of that portion of the payments assumed by the Fund. Thus, claimant objects to the Commissioner's making a direct subrogation claim in the name of the Fund and then making a pro rata distribution to the carrier for its pre-insolvency payments. We see no purpose in adopting claimant's strained reading of the statutes only to insert an extra procedural step in a process which yields the same ultimate result: subrogation in favor of each entity in accordance with its past and future payments. We will not attribute such a counterproductive and pointless intent to our legislature. Accordingly, we agree with the Superior Court that, "when PWCSF assumed the responsibility of disbursing funds to Miles, it also became entitled to subrogation rights afforded under [Section 319]." *Miles*, 628 at 1162.

The order of the Board is affirmed.

### ORDER

AND NOW, this 26th day of March, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

**2.** Act of July 1, 1937, P.L. 2532, *as amended*, 77 P.S. §§ 1051–1066.