587 A.2d 1386

Phyllis **SKLAR**, Appellant,

v.

**HARLEYSVILLE INSURANCE COMPANY**, Appellee.

Supreme Court of Pennsylvania.

Submitted Jan. 15, 1991.

Decided March 20, 1991.

618

Edward T. Rostick, Lawrence R. Scheetz, Richboro, for appellant.

Barbara K. Gotthelf, Alexander Kerr, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Phyllis Sklar, plaintiff below, appeals from the order of the Superior Court which affirmed the order of the trial court denying her petition to open or strike a judgment of non pros entered against her for failing to appear at trial because she did not receive, until it was too late, the notice of the trial date which was mailed to her pursuant to the provisions of Pa.R.C.P. 440, 397 Pa.Super. 654, 571 A.2d 511. The issue is whether the trial court abused its discretion in refusing to open or strike the judgment based on its holding that the excuse for failing to appear for trial was not reasonable. Appellant claims, inter alia, that *Tracy v. County of Chester, Tax Claim Bureau*, 507 Pa. 288, 489 A.2d 1334 (1985), mandates that a reasonable effort be made to provide *actual* notice under these circumstances in order to satisfy the due process clause, and that appellee's technical compliance with Rule 440 did not constitute a reasonable effort.

Appellant, Phyllis Sklar, by counsel, initiated a civil action against appellee, Harleysville Insurance Company, to recover no-fault benefits under an automobile insurance policy issued by appellee, alleging that she had been injured in

automobile accidents on December 10 and December 19, 1979. On May 16, 1986, on petition and after hearing, appellant's counsel was permitted to withdraw his appearance, and the trial court entered an order to that effect, whereafter appellant proceeded pro se. In October 1988, appellant's case was listed for trial. On November 3, 1988, pursuant to Pa.R.C.P. 440 and the directive of the trial court, appellee's counsel sent notice of the trial date by certified mail, return receipt requested, to appellant at her last known address. On November 15, 1988, the date scheduled for trial, appellant failed to appear and no return from the postal authorities had yet been received by appellee's counsel. The trial court entered a judgment of non pros against appellant for failing to appear at her trial. Subsequently, on November 22, 1988, the notice of trial was returned to appellee's counsel with a post office notation that the mail had been forwarded to a new address but had been unclaimed at that address.

Appellant promptly filed a petition to open or strike the judgment. As appellant's underlying action on her insurance policy constituted grounds for a cause of action, the only issue as to her petition was whether she advanced a reasonable explanation or excuse for her default in appearance. *Hutchison v. Hutchison*, 492 Pa. 118, 123, 422 A.2d 501, 504 (1980). The trial court found that appellee, the defendant, had complied with the notice requirements of Rule 440, and held that appellant's explanation—lack of actual notice—was not a reasonable excuse for her failure to appear. Appellant appealed the denial of her petition, and the Superior Court affirmed the judgment.

Our standard of review is to determine whether the trial court abused its discretion in denying the petition to open or strike the judgment. *Id.*, 492 Pa. at 123, 422 A.2d at 503–04. Specifically, we must decide if the trial notice sent by certified mail pursuant to Rule 440 neglected the due process considerations implicated in *Tracy v. County of Chester, supra.* If so, we must reverse; if not, the

trial court's judgment of non pros was a proper exercise of its discretion.

*Tracy* involved a real estate tax sale in which the tax claim bureau had complied strictly with the notice requirements of the Real Estate Tax Sale Law, 72 P.S. § 5860.101 et seq., but did not provide notice to the current record owners of the property subject to sale. The current owners were not listed in the tax bureau's records, and the notice mailed to the former owner was returned to the tax bureau prior to the sale. This court set aside the sale, holding that the notice of sale, though it satisfied the statute governing the sale, nevertheless did not comport with due process. We stated:

> [W]e hold that where a taxing authority intends to conduct a sale of real property because of nonpayment of taxes, it must notify the record owner of property by personal service or certified mail, and where the mailed notice has not been delivered because of an inaccurate address, the authority must make a *reasonable effort* to ascertain the identity and whereabouts of the owner(s). In the present case, a reasonable effort would have been to make inquiry of the records maintained by the office of the Secretary of the Commonwealth in Harrisburg to determine the identity and addresses of the partners.

507 Pa. at 296, 489 A.2d at 1338–39 (footnote omitted, emphasis in original). The holding was based on a "mandate that under the due process clause a *reasonable effort* must be made to provide *actual* notice of an event which may significantly affect a legally protected property interest." *Id.,* 507 Pa. at 295, 489 A.2d at 1338 (emphasis in original). We had occasion today, in *Geier v. Tax Claim Bureau of Schuylkill County,* Pa., 588 A.2d 480 (1991), to reaffirm the principles set forth in *Tracy.* Appellant argues that these principles should excuse her nonappearance because of her failure to receive *actual* notice.

We do not think it is appropriate to extend the holding of *Tracy* or *Geier* to excuse appellant under the circumstances of this case. First, we deem appellant's property interest in

her cause of action to fall short of fee simple ownership of real estate which was at issue in *Tracy* and *Geier*. Second, the party charged with providing notice in *Tracy* and *Geier* was a government agency, a tax bureau, whereas notice in this case was provided by a private party, one of the litigants in the case. Third, and perhaps most important, the parties who failed to receive actual notice in *Tracy* and *Geier* were not similarly situated with the appellant in this case.

While we recognize that appellant has a property interest in her cause of action, we must also recognize that it is an inchoate or incipient one, which might never be subject to realization, for it has not been tested against the defenses available to appellee. Interests in real property, on the other hand, have historically been entitled to the most rigorous protections. *See, e.g., Hatcher v. Chesner*, 422 Pa. 138, 221 A.2d 305 (1966); *March v. Banus*, 395 Pa. 629, 151 A.2d 612 (1959); *Hess v. Westerwick*, 366 Pa. 90, 76 A.2d 745 (1950). It is therefore apparent that the significance of the property interests at stake in *Tracy* and *Geier* outweighs the property interest at stake here.

We regarded it as significant in *Tracy* that the party providing notice was the tax claim bureau. We said:

> Somehow, over the years, taxing authorities have lost sight of the fact that it is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects a citizen's property to forfeiture for the non-payment of taxes.... [D]ue process ... requires at a minimum that an owner of land be actually notified by government, if reasonably possible, before his land is forfeited by the state.

507 Pa. at 297, 489 A.2d at 1339. Requiring the tax bureau in *Tracy* to check the records of sister government agencies before permitting the forfeiture of real property did not constitute "extraordinary efforts." Appellant argues in her brief that appellee "had reason to believe" that the notice had not been delivered to appellant because fifteen days had elapsed between the date of mailing and the date of

trial yet the postal service had not delivered a return receipt to appellee. Appellee, as a private party, however, had no way of interpreting the meaning of the fact that the postal service had not provided a return receipt as of November 15, the trial date. Appellant argues that appellee should have contacted the postal service "to trace the certified letters and to secure any forwarding address." We cannot subscribe to such a requirement. Should this be necessary "several days after the letters were sent," as appellant suggests, or after a week, or two weeks, or three, or more? We think any such requirement would mandate *extraordinary* efforts on the part of a litigant.

Finally, the efficacy of lack of notice to justify a default depends upon the circumstances of the case. *See Hutchison v. Hutchison, supra.* In *Tracy,* the property owners who failed to receive notice prior to the upset tax sale were individuals who had no reason to be in communication with the tax claim bureau. Though they were not entirely without fault, it was excusable that they had not specifically notified the bureau of a change of address. In *Geier,* where an individual's real estate was subjected to tax sale without actual notice to her, there is an even stronger case to justify her failure to be in contact with the taxing authorities: she had a contractual arrangement with her cotenant which obligated the cotenant to make all tax payments. By contrast, appellant was not only a litigant in a case pending in common pleas court, she was the plaintiff. In view of the fact that service of all legal papers in a case other than original process can be made upon a pro se party by mail at his or her residence or last known address, *see* Pa.R.C.P. 440(a)(1) and (2), it was obviously incumbent upon appellant to keep the court and opposing counsel apprised of her address. That her failure to do so resulted in her failure to receive actual notice of her own trial should not require the adverse party to take *extraordinary* steps in order to secure her presence. Appellant's fault in this respect vitiates the excusability of her failure to attend her own trial. A petition to open or strike a judgment is

addressed to a court's equitable powers. *Hutchison v. Hutchison, supra.* The lower courts evidently believed that appellant's own neglect was the underlying cause of her failure to receive actual notice of the trial. We agree.

For the foregoing reasons, the order of the Superior Court must be affirmed.

Affirmed.

LARSEN and ZAPPALA, JJ., concur in the result.

McDERMOTT, J., dissents.