**Patricia SIMMONS, Appellant,**

v.

**Kathryn LUALLEN, Appellee.**

Superior Court of Pennsylvania.

Submitted April 26, 1999.

Filed Sept. 14, 1999.

Pa.Super. 78, 682 A.2d 1314, 1319 n. 2    (1996).

Patricia Simmons, appellant, pro se.

Rose Ann McGowan, Moscow, for appellee.

Before KELLY, LALLY–GREEN, and OLSZEWSKI, JJ.

LALLY–GREEN, J.:

¶ 1 Appellant, Patricia Simmons, *pro se*, appeals an order of the Court of Common Pleas of Lackawanna County that denied her Petition to Open and/or Strike Judgment and her Petition to File Complaint Nunc Pro Tunc. We affirm.

¶ 2 The facts, as found by the trial court, are as follows.

The Plaintiff, Patricia Simmons, instituted suit against, among others, the Defendant, Kathryn Luallen, in a District Justice Court. After hearing, the District Justice entered judgment in favor of the Plaintiff and against the Defendants in the amount of $8,123.00.

The Defendant, Kathryn Luallen, filed a timely appeal with this Court on June 9, 1998. Counsel for this Defendant attempted to serve the notice of appeal and praecipe to file complaint on the Plaintiff by certified mail. Attached to the appeal notice were receipts for certified mail dated June 10, 1998, one for the District Justice and one for the Plaintiff along with the proof of service completed by the Defendant's counsel. The record indicates that the post office was unsuccessful in its attempts to deliver this Notice of Appeal and Praecipe on the Plaintiff and the certified letter was returned.

Counsel for the Defendant then filed a Notice to Enter Default Judgment on July 7, 1998 with a certificate of service indicating that the notice was sent by certified mail to the Plaintiff on July 2, 1998. Attached to this certificate of service was a receipt for certified mail with the post office's date stamp. The record, once again, indicates that the notice was returned on July 22, 1998 to the Post Office unclaimed. Default Judgment was entered against the Defendant [sic] on July 16, 1998. The Plaintiff did receive a copy of said judgment and filed a petition to strike and/or open judgment on July 23, 1998. On the same date, the Plaintiff filed a petition to allow her to file the complaint nunc pro tunc.

At the hearing before this Court, the Plaintiff testified that she never received the aforesaid notices and stated that she

was either on vacation or her office was closed when service was attempted. *Trial Court Opinion*, 10/2/98, at 1–3. The trial court found that Appellant avoided service by mail by failing to respond to the notices given by the post office regarding certified mail. The trial court, thus, denied Appellant's Petition to Open and/or Strike Judgment and her Petition to file a complaint Nunc Pro Tunc. This appeal followed.

■ ¶ 3 Appellant raises seven (7) issues on appeal:

1. Did the lower court error [sic] in law and/or abuse its discretion by not opening the judgment and striking same from the record?

2. Did Appellant prove at trial, by a preponderance of the evidence that Appellee's Notice of Appeal, and Praecipe to Enter Judgment was not received, thereby requiring the court to strike the judgment entered by Non Pros?

3. Did the trial court have personal jurisdiction over Appellant?

4. Did the Appellees effectively serve the Appellant with their Notice of Appeal?

5. Should the Judgment entered Non Pros, against the Appellant, on July 16, 1998 be opened, and stricken from the record?

6. Should the Appellant be allowed to file her Complaint, Nunc Pro Tunc?

7. Should the Appellees lose their right to Appeal?

*Appellant's Brief* at 8. We will treat these issues as one of whether the trial court properly denied Appellant's Petition to Open and/or Strike Judgment and Petition to File Complaint Nunc Pro Tunc. First, however, we will address Appellant's assertion that service was improper.[1]

■ ¶ 4 Appellant complains that the court lacked personal jurisdiction to enter a judgment because she was never notified of the proceedings. To grant a petition to strike a judgment based on improper service, we must be unable to find proper service, reviewing only the record as it existed when judgment was entered. *Dubrey v. Izaguirre*, 454 Pa.Super. 504, 685 A.2d 1391, 1393 (1996). If valid service has not been made, judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter judgment. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 93, 700 A.2d 915, 919 (1997). The fact of service is the important thing in determining jurisdiction; "proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned." *Id.* at 91, 700 A.2d at 918 (quoting *Commonwealth ex rel. McKinney v. McKinney*, 476 Pa. 1, 381 A.2d 453 (1977)).

¶ 5 The trial court relied upon county case law and found that the attempt at service was sufficient to meet the requirements of Pa.R.C.P.D.J. 1005. This rule states, in pertinent part:

A. The appellant shall by personal service or by certified or registered mail serve a copy of his notice of appeal upon the appellee and upon the district justice in whose office the judgment was rendered. If required by Rule 1004B to request a rule upon the appellee to file a complaint, he shall also serve the rule by personal service or by certified or registered mail upon the appellee. The address of the appellee for the purpose of service shall be his address as listed on the complaint form filed in the office of the district justice or as otherwise appearing in the records of that office. If the appellee has an attorney of record named in the complaint form filed in the office of the district justice, the

---

1. Where a party seeking to open judgment asserts that service was improper, the court must address this issue first, before considering any other factors. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 93, 700 A.2d 915, 919 (1997).

service upon the appellee may be made upon the attorney of record instead of upon the appellee personally.

B. The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within ten (10) days after filing the notice of appeal.

¶ 6 Rule 1005 does not require proof of actual receipt of notice. Pa.R.C.P.D.J. 1001(8), (9). The Rule merely requires mailing to be certified or registered mail with proof of said mailing to be filed.[2] *Id.*

¶ 7 The record reveals that Appellee presented proof that two separate mailings were made to Appellant, one on June 10, 1998 and another on July 2, 1998. N.T., 8/27/98, at 11, 19; Docket Entry No. 2 and No. 3. The June 10, 1998 certified letter contained the notice of appeal and rule to file complaint. *Id.* The July 2, 1998 certified letter contained a notice of praecipe to enter judgment of non pros. *Id.* Each receipt for the two certified letters was marked and entered as an exhibit at the hearing. N.T., 8/27/98, at 11, 19. The record reveals that both notices were returned to Appellee's counsel with the notation "unclaimed." *Id.* at 137, 147.

¶ 8 The record also reveals the following: Appellant used her office address on the complaint to initiate this action, but when the same address was used by Appellee to appeal the district justice's judgment, Appellant argued that Appellee should have sent notice to her residence and obtained proof of mailing. *Id.* at 138–139. Appellee asked the equity court to take judicial notice of the docket entries that contained certified receipts of the June 10, 1998 and July 2, 1998 notices. *Id.* at 16–19. Appellant failed to claim the certified letters after six (6) attempts at delivery were made on June 11, June 18, July 2, July 3, July 7, and July 11 of 1998. *Id.* at 145–46. Upon review of the record, service upon Appellant was properly attempted. Appellant's claim that the equity court had no jurisdiction to enter the judgment fails.

¶ 9 We now address the merits of Appellant's petition to open and/or strike the judgment of non pros. A petition to open a judgment is an appeal to the equitable powers of the court. *Cintas*, 549 Pa. at 93, 700 A.2d at 919. A request to open a judgment of non pros is by way of grace and not of right, and absent a manifest abuse of discretion, the trial court's decision on such a petition will not be disturbed on appeal. *MacKintosh–Hemphill International, Inc. v. Gulf & Western, Inc.*, 451 Pa.Super. 385, 679 A.2d 1275, 1278 (1996).

¶ 10 Before a petition to open a judgment of non pros may be granted, three factors must be present: 1) the moving party must promptly file the request for relief; 2) the moving party must present a reasonable explanation or excuse for the default or delay that precipitated the non pros; and 3) the moving party must establish that there are sufficient facts to support the party's cause of action. Pa. R.Civ.P. 3051(b); *MacKintosh–Hemphill*, 679 A.2d at 1278–79. The trial court, as fact finder, is free to assess the credibility of witnesses and to accept or reject testimony presented. *Terletsky v. Prudential Property and Casualty Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 686 (1994). It is not the role of an appellate court to pass on the credibility of witnesses or to act as

---

**2.** This conclusion seems counterintuitive to our traditional notions of due process and adequate notice; however, it is bolstered by the definition of "service" under Pa. R.C.P.D.J. 1001(8) (requiring mere mailing of notice) and the comment of Pa.R.C.P.D.J. 1001(9). The comment provides that "proof of service" means merely a statement that service was made and that the proof is the sender's receipt. The comment to the rule explicitly states that "[t]here is no return receipt requirement for certified or registered mail."

the trier of fact, and an appellate court will not substitute its judgment for that of the fact finder. *Ludmer v. Nernberg*, 433 Pa.Super. 316, 640 A.2d 939, 944 (1994).

¶ 11 The case of *Sklar v. Harleysville Insurance Co.*, 526 Pa. 617, 587 A.2d 1386 (1991) is factually similar and instructive here. In *Sklar*, a *pro se* litigant was subject to a judgment of non pros because she claimed she had not received notice of trial. The notices had notations by the post office that the mail had been unclaimed. The Supreme Court affirmed this Court's affirmance of the trial court's finding that Sklar lacked a reasonable excuse for her failure to act. The Supreme Court stated:

> [A]ppellant was not only a litigant in a case pending in common pleas court, she was the plaintiff. In view of the fact that service of all legal papers in a case other than original process can be made upon a pro se party by mail at his or her residence or last known address, see Pa.R.C.P. 440(a)(1) and (2), it was obviously incumbent upon appellant to keep the court and opposing counsel apprised of her address. That her failure to do so resulted in her failure to receive actual notice of her own trial should not require the adverse party to take extraordinary steps in order to secure her presence. Appellant's fault in this respect vitiates the excusability of her failure to attend her own trial. A petition to open or strike a judgment is addressed to a court's equitable powers. *Hutchison v. Hutchison*, [492 Pa. 118, 422 A.2d 501 (1980)] *supra*. The lower courts evidently believed that appellant's own neglect was the underlying cause of her failure to receive actual notice of the trial. We agree.

*Id.*, 526 Pa. at 622, 587 A.2d at 1389.

¶ 12 Here, the record reveals that Appellant fails to establish the second factor. We do note that she establishes the first and third factors, for she has provided proof of timely filing of her petitions and proof of a meritorious claim. N.T., 8/27/98, at 25–29. Regarding the second factor, the unreasonable or inexcusable delay element, Appellant testified that she never received any notice.[3] Appellant testified that she was not in her office on either July 2, 1998 or July 11, 1998 to receive certified letters because she was on vacation or her office was closed. N.T., 8/27/98, at 12–13, 22. The record reveals that no other excuse or reason was given by Appellant for her failure to timely file her complaint. The trial court, sitting in equity, determined:

> The Plaintiff [Appellant] avoided service by mail by failing to respond to the notices given to her by the post office regarding certified mail. We believe to grant the Plaintiff's [Appellant's] request to open judgment would be inequitable since her failure to file a complaint was due solely to her avoidance of service.

Trial Court Opinion, 10/2/98, at 5.

¶ 13 Upon review of the record, Appellant failed to demonstrate that there was a reasonable explanation or legitimate excuse for the delay in filing her complaint. Accordingly, we affirm the order of the trial court denying Appellant's Petition to Open and/or Strike Judgment and denying her Petition to File Complaint Nunc Pro Tunc.

¶ 14 Order affirmed.

---

**3.** The record, as earlier indicated, reveals that Appellee presented proof that two separate mailings were made to Appellant, one on June 10, 1998 and another on July 2, 1998. N.T., 8/27/98, at 11, 19.