763 A.2d 810

**Patricia SIMMONS, Appellant,**

**v.**

**Kathryn LUALLEN, Appellee.**

Supreme Court of Pennsylvania.

Submitted May 22, 2000.

Decided Dec. 11, 2000.

Patricia Simmons, pro se.

Rose Anne McGowan, Moscow, for Kathryn Luallen.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

The issue in this case concerns the standard for opening a judgment of *non pros* entered for failing to file a complaint.

In February of 1998, Appellant, Patricia Simmons ("Simmons"), pro se, commenced an action against Appellee, Kathryn Luallen ("Luallen"), by filing a complaint at a district justice office for damages to a rental property that she had leased to Luallen. Following a hearing on May 19, 1998, the district justice entered judgment for Simmons and against Luallen in the amount of $8,123. On June 9, 1998, Luallen filed a notice of appeal, together with a praecipe requesting

the prothonotary to issue a rule upon Simmons to file a complaint within twenty days after service of the rule or suffer the entry of a judgment of *non pros.* *See* Pa.R.C.P.D.J. 1004B (governing appeals from district justice decisions). A rule was issued, and Luallen sent the rule, along with the notice of appeal, to Simmons at her office by certified mail, as this was the address she used in filing the complaint. *See* Pa.R.C.P.D.J. 1005A (permitting a party to serve the notice of appeal and rule personally or by certified or registered mail). The post office was unsuccessful in its attempts to deliver the documents and, on July 2, 1998, Luallen sent Simmons, again by certified mail, notice of an intention to praecipe for the entry of a judgment of *non pros.* *See* Pa.R.C.P. No. 237.1 (requiring notice of a praecipe to enter a judgment of *non pros* prior to the entry of such judgment). Attempts to deliver the notice to Simmons were also unsuccessful. On July 16, 1998, Luallen filed a praecipe for a *non pros,* and judgment was entered.

A copy of the judgment was forwarded to Simmons by regular mail, and seven days later, Simmons filed a petition to open and strike the judgment, attaching to it a copy of her complaint. The petition sought relief pursuant to Pennsylvania Rule of Civil Procedure 237.3, asserting Simmons' compliance with such rule by filing the petition to open within ten days of the judgment and attaching a verified complaint. Luallen objected to the petition to open, averring that Simmons had attempted to avoid service. At the ensuing hearing, the trial court questioned Simmons and counsel for Luallen regarding the procedural aspects of the case, particularly, Luallen's attempts to serve Simmons with copies of the notice of appeal and the rule directing her to file a complaint. Simmons testified that she was not served with Luallen's notice of appeal, rule to file a complaint, and notice of the intention to enter a judgment of *non pros.* Simmons also claimed that the first document she received was the entry of a judgment of *non pros,* and that the attempts to deliver the other documents occurred on days when her office was closed (Simmons maintained that her office was closed on Thursdays,

Saturdays, and Sundays). The trial court denied Simmons' petition, noting that the request is governed by equitable principles, and that a party seeking such relief must satisfy three requirements, specifically, a reasonable explanation or excuse for the default, a defense on the merits, and prompt filing of a petition to open. In this case, the trial court found that Simmons purposely failed to respond to the postal notices. Since Simmons' failure to file a complaint resulted from her avoidance of service, the court concluded that it would be inequitable to grant her relief.

Simmons appealed, and the Superior Court affirmed in a published decision. *See Simmons v. Luallen,* 738 A.2d 1018 (Pa.Super.1999). In the Superior Court, Simmons maintained, *inter alia,* that because she had promptly filed a petition to open within ten days of the entry of the judgment of *non pros,* together with a verified complaint stating a meritorious cause of action, the judgment should have been opened. *See* Pa. R.C.P. No. 237.3. Relying upon Pennsylvania Rule of Civil Procedure 3051(b), however, the Superior Court agreed with the trial court that Simmons was required to promptly file the request for relief, establish sufficient facts to support her cause of action, and present a reasonable explanation or excuse for the delay that precipitated the *non pros. See id.* at 1021. The court determined that Simmons met two of these requirements, namely, prompt filing and a meritorious claim. *See id.* at 1022. Regarding the remaining requirement, the court concluded that, in light of the trial court's finding that Simmons had avoided service, she failed to demonstrate a reasonable explanation for not filing her complaint. *See id.* This Court allowed appeal to review the appropriate standard for opening a judgment of *non pros* for failure to file a complaint.

█ The Superior Court has previously recognized that there are two different standards governing relief from a judgment of *non pros,* the application of which is dependent upon the circumstance under which the judgment was entered. *See, e.g., Cohen v. Mirin,* 729 A.2d 1236, 1238 (Pa.Super.1999). In this regard, Rule 3051 affords relief from such a judgment

where the moving party has timely filed a petition to open, has supplied a reasonable explanation for the inactivity, and there is a meritorious cause of action. *See* Pa.R.C.P. No. 3051(b)(1 3). This provision, however, does not apply when a judgment of *non pros* is entered because of a party's failure to file a complaint; rather, that circumstance is covered by Rules 237.1 and 237.3. *See Cohen,* 729 A.2d at 1238. *See generally* Pa.R.C.P. No. 3051 Note (referring to Rule 237.3 for relief where a party has failed to file a complaint pursuant to Rule 1037(a)); Pa.R.C.P. No. 132 (prescribing as a rule of construction that the particular controls over the general). Rule 237.1 states that a party seeking to enter a judgment of *non pros* for the failure to file a complaint must provide the opposing party with notice of such intention. *See* Pa.R.C.P. No. 237.1(a)(1), (2).[1] As noted, Luallen sent such notice. However, once the judgment of *non pros* has been entered, Rule 237.3 provides the applicable standard for opening the judgment, specifically:

**Relief From Judgment of Non Pros or by Default**

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa.R.C.P. No. 237.3.

Although Rule 237.3 does not alter the law of opening judgments as reflected in Rule 3051(b), it presupposes that a petition to open filed within the ten-day period is timely or prompt and that a reasonable explanation or excuse for the delay exists. *See* Pa.R.C.P. No. 237.3 Note. In so doing, the

1. The Note following Rule 237.1 explains that, while District Justice Rule 1004B authorizes the appellant to praecipe for a rule to file a complaint upon appellee, the entry of a judgment of *non pros* is governed by Rule of Civil Procedure 1037(a) and is subject to the Rule 237.1 requirements.

rule serves the salutary purpose of avoiding "snap judgments" and easing the procedural burdens of a party who promptly moves to open the judgment. *See* Pa.R.C.P. No. 237.1 Explanatory Comment; Pa.R.C.P. No. 237.3 Explanatory Comment. Indeed, relaxing the burden of proof by presuming that a legitimate excuse for the delay exists is appropriate in this context, since the delay is not lengthy. By contrast, a judgment of *non pros* entered due to inactivity in prosecuting a claim often involves longer delay, which more directly implicates the equitable principle underlying the grant of a *non pros,* namely, the injustice of permitting the assertion of a claim after a lengthy inexcusable delay that visits prejudice upon the defendant. *See generally Jacobs v. Halloran,* 551 Pa. 350, 356, 710 A.2d 1098, 1102 (1998) (addressing a *non pros* in the context of a plaintiff's failure to prosecute a claim).

■ In this case, Simmons filed a petition to open judgment within the applicable ten-day period and attached a copy of a verified complaint, satisfying the procedural requirements of Rule 237.3.· As to the merit of Simmons' cause of action, such condition is satisfied if the claim as pleaded and proved at trial would entitle her to relief. *See generally Penn-Delco School v. Bell Atlantic–Pa., Inc.,* 745 A.2d 14, 19 (Pa.Super.1999). Here, the complaint avers that Luallen violated the terms of her lease agreement with Simmons by causing damage to certain realty, and a copy of the lease is attached to the complaint. Thus, Simmons' complaint states a meritorious cause of action. As Simmons has satisfied the requisites for relief specified in Rule 237.3, the trial court should have opened the judgment and permitted her to file a complaint.

Accordingly, the order of the Superior Court is reversed, the judgment of *non pros* is vacated, and the matter is remanded.