J. S27045/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TOMAS OLIVER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| IN S. LEE, | : | |
| | : | |
| Appellee | : | No. 2802 EDA 2014 |

Appeal from the Order Entered August 12, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: 3188 June Term, 2013

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 27, 2015**

Appellant, Thomas Oliver, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his petition to open judgment of non pros.[1]  Appellant contends the trial court abused its discretion in refusing to consider his petition to open in accordance with the criteria mandated by Pa.R.C.P. 3051(b) and in ruling the cause of action was barred by the doctrine of laches and the statute of limitations.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note a trial court's interlocutory order denying a petition to open a judgment of non pros is immediately appealable.  ***See*** Pa.R.A.P. 311(a)(1) (stating orders refusing to open, vacate or strike off judgment are appealable as of right); ***Krauss v. Claar***, 879 A.2d 302, 303 n.4 (Pa. Super. 2005).

The trial court summarized the facts and procedural posture of this case as follows:

> This case arose from a motor vehicle/bicycle accident that occurred on June 25, 2011 near 16th Street in Philadelphia. On June 25, 2013, [Appellant] filed a Writ of Summons and claimed a demand of less than $50,000.00 which placed it in this court's Compulsory Arbitration Program. The Arbitration was originally scheduled for March 13, 2014. [Appellant] filed a request for continuance which stated among other things that service had not been made and no Complaint filed. The request was granted and the Arbitration was subsequently rescheduled to May 13, 2014. [Appellant] filed a second request for a continuance, stating the same reasons as the first continuance request. The second continuance was denied. [Appellant] failed to appear for his Arbitration hearing and a Rule was issued against [Appellant] to show cause why a judgment of non pros should not be entered for his failure to attend the Arbitration hearing. The Rule hearing was scheduled for June 24, 2014. At the Rule hearing counsel appeared without his client, acknowledged that his client did not attend the Arbitration hearing because he knew the case could not go forward since he had not filed a Complaint nor made service. Sometime after the scheduled Arbitration hearing and before the Rule hearing [Appellant] filed a complaint[2] but failed to

---

[2] The complaint was filed on June 23, 2014. The Pennsylvania Supreme Court has explained:

> The Superior Court has previously recognized that there are two different standards governing relief from a judgment of non pros, the application of which is dependent upon the circumstance under which the judgment was entered. In this regard, Rule 3051 affords relief from such a judgment where the moving party has timely filed a petition to open, has supplied a reasonable explanation for the inactivity, and there is a meritorious cause of action. *See* Pa.R.C.P. No. 3051(b)(1-3). This provision, however, does not apply when a judgment of non pros is entered because of a party's failure to file a

effectuate and/or attempt service or file a Motion for Alternative service. This court found that [Appellant] offered no satisfactory excuse for [Appellant's] failure to attend the arbitration hearing, and entered an Order of Judgment of Non Pros against [Appellant] on June 25, 2014]. On the [sic] June 28, 2014, [Appellant] filed a Petition to Open Judgment of Non Pros.[3] After reviewing the Petition, response, and supplemental briefs filed by both sides, this court denied the Petition to Open Judgment of Non Pros.

Trial Ct. Op., 10/27/14, at 1-2. This timely appeal followed.[4]

---

complaint; rather, that circumstance is covered by Rules 237.1 and 237.3. **See generally** Pa.R.C.P. No. 3051 Note (referring to Rule 237.3 for relief where a party has failed to file a complaint pursuant to Rule 1037(a)); Pa.R.C.P. No. 132 (prescribing as a rule of construction that the particular controls over the general). Rule 237.1 states that a party seeking to enter a judgment of non pros for the failure to file a complaint must provide the opposing party with notice of such intention. **See** Pa.R.C.P. No. 237.1(a)(1), (2).[ ]

***Simmons v. Luallen***, 763 A.2d 810, 812 (Pa. 2000) (some citations omitted). Rule 237.1 defines "judgment of non pros" as "a judgment entered by praecipe pursuant to Rules 1037(a) and 1659[.]" Pa.R.C.P. 237.1(a)(1). Rule 1037(a) provides: "(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros." Pa.R.C.P. 1037(a). Rule 1659 pertains to actions upon mechanics liens. In the instant case, the trial court entered the judgment of non pros. Therefore, Rule 3051 is applicable.

[3] We note present Appellate counsel entered his appearance and filed the petition to open the judgment of non pros on behalf of Appellant on June 28, 2014.

[4] Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issue for our review:

Whether the court below abused its discretion in failing and refusing to consider Appellant's Petition to Open Judgment of Non Pros in accordance with the criteria mandated by Pa.R.Civ.P. 3051(b), all of which Appellant clearly satisfied, and instead gratuitously and erroneously ruling that Appellant's cause of action was barred by the doctrine of laches and the applicable statute of limitations?

Appellant's Brief at 5.

Appellant contends he satisfied the criteria of Rule 3051(b)[5] because the petition to open judgment was promptly filed within three days of the entry of the non pros. *Id.* at 17. He avers there was a reasonable explanation for the delay. *Id.* Appellant claims "[t]here is no evidence in the record that Appellant's counsel's failure to appear was 'part of a pattern of improper behavior, misconduct or abuse.'" *Id.* at 26. Appellant avers Appellee cannot claim he was prejudiced by the delay because he evaded

---

[5] Rule 3051(b) provides:

(b) **Except as provided in subdivision (c)**, if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b). However, in the instant case, subdivision (c) is applicable. *See infra.*

the Sheriff's efforts to serve him, which was the primary cause of the delay. *Id.* Appellant also contends "the sanction of a judgment of non pros was not commensurate with Appellant's acknowledged transgressions." *Id.* He argues the trial court erred in holding Appellant did not establish "a **compelling** excuse for inactivity in this case." *Id.* at 23 (emphasis supplied). He complains that pursuant to Rule 3051(b), he need only establish "'a **reasonable** explanation or **legitimate** excuse for the inactivity or delay,' the lower court's imposition of a far more stringent standard was an abuse of discretion and constitutes reversible error." *Id.* (emphasis supplied). Appellant lastly contends he has a meritorious cause of action as evidenced by his complaint. *Id.* at 26. He avers the trial court did not consider this prong of Rule 3051(b). *Id.* at 27. Appellant argues "[t]he lower court in this case did not apply the appropriate Rule 3051 standard but instead held Appellant to the stringent standard of *James Bros. Lumber Co. v. Union Banking & Trust Co.*, [ ] 247 A.2d 587 ([Pa.] 1968)[.]" *Id.* at 22.

Our review is governed by the following principles:

> "[T]he ruling that a trial court makes under Pa.R.C.P. 3051 is reviewed on appeal for an abuse of discretion."

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the

> trial court abuses its discretion if it does not follow legal procedure.

***French v. Commonwealth Assocs., Inc.***, 980 A.2d 623, 628 (Pa. Super. 2009) (citations omitted).

Pennsylvania Rule of Civil Procedure 3051[6] provides for relief from a judgment of non pros for inactivity as follows:

> (c) If the relief sought includes the opening of the judgment of non pros for **inactivity**, the petition shall allege facts showing that
>
>> *Note*: The "inactivity" covered by this subdivision is governed by and subject to ***Jacobs v. Halloran***, [ ] 710 A.2d 1098 ([Pa.] 1998).
>
> (1) the petition is timely filed,
>
> (2) there is a meritorious cause of action, and
>
> (3) the record of the proceedings granting the judgment of non pros does not support a finding that the following requirements for **entry of a judgment of non pros for inactivity** have been satisfied:
>
>> (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,
>>
>> (ii) the plaintiff has failed to show a compelling reason for the delay, and
>>
>> (iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051(c)(1)-(3)(i)-(iii)[7] (emphases added).

---

[6] We note this Rule was amended effective May 5, 2013.

The 2013 comment to the rule provides:

> The Supreme Court of Pennsylvania has amended Rule 3051 governing relief from a judgment of non pros to clarify the requirements for opening a judgment of non pros entered for inactivity. In ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380 (Pa. Super. 2011), the Superior Court of Pennsylvania ruled that under the current language of Rule 3051(b) it was compelled to conclude that a plaintiff is not entitled to relief from a judgment of non pros for inactivity without a showing that there was a reasonable explanation or legitimate excuse for the inactivity. Under this interpretation of Rule 3051(b), a judgment of non pros for inactivity cannot be opened even if the record did not establish actual prejudice unless the plaintiff could also show a reasonable explanation or legitimate excuse for the delay. Thus, while the defendant was required to show that the delay caused actual prejudice in order to obtain a judgment of non pros for inactivity, the plaintiff who cannot show a reasonable excuse for the delay may not challenge the entry of the judgment of non pros on the ground that the record failed to establish actual prejudice.
>
> New subdivision (c) is intended to alter the ruling in *Madrid* by providing for the opening of a judgment of non pros dismissing a case for inactivity upon a showing that the defendant did not meet each of the three requirements for the entry of a judgment of non pros.

---

[7] In ***Jacobs***, the Pennsylvania Supreme Court opined:

> The effect of our decision today is to return to the three part test of ***James Brothers***. To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause **actual** prejudice to the defendant. . . .

***Jacobs***, 710 A.2d at 1103. Rule 3051(c) codifies the ***James Brothers*** test. ***See*** Pa.R.C.P. 3051(c)(3)(iii).

Pa.R.C.P. 3051, cmt.

In **Jacobs**, the Pennsylvania Supreme Court opined:

> We recognize that defendants may be prejudiced by undue delays in litigation-memories fade, witnesses disappear and documents become lost or are destroyed. Additionally, pending lawsuits often cause undue stress and anxiety. However, the rules concerning the dismissal of cases for inactivity reflect policy concerns which implicate the interests of both plaintiffs and defendants. It is unnecessary to presume prejudice because the defendant is free to present evidence of actual prejudice. In cases where no activity has occurred for a period of two years, but the defendant has not lost his ability to adequately prepare a defense, it serves no equitable purpose to dismiss the plaintiff's case solely due to the passage of time. There is no logical distinction between the harm caused to a defendant by the plaintiff's delay of two years and the harm caused to a defendant by a delay of two years less one day.

**Jacobs**, 710 A.2d at 1102 (emphasis added). The Pennsylvania Supreme Court noted that our Court "has further defined prejudice as any substantial diminution of a party's ability to properly present its case at trial." **Id.** at 1103, citing **Metz Contracting, Inc., v. Riverwood Builders, Inc.**, 520 A.2d 891, 894 (Pa. Super. 1987).

In the case *sub judice*, the trial court found that this case satisfied the three pronged test enunciated in **James Brothers**. Trial Ct. Op. at 3. The court opined:

> First, [Appellant] filed a Writ on the last day of the statute of limitations expiring in June of 2013 and did nothing for nine months until requesting a continuance for the Arbitration hearing. The only attempt at service was made by the Sheriff over the course of a week in August of

2013.  [Appellant] did not reinstate the Writ after 30 days. [Appellant] did not file a motion for alternative service. Further, [Appellant] did not even file a Complaint until after the Rule was entered against him for failure to appear at the arbitration hearing.  This is clearly a lack of due diligence on the part of [Appellant].

Next, [Appellant] offered no reason for failing to appear at the Arbitration hearing once his request to continue was denied.  Counsel for [Appellant] merely implied that [Appellee] may have purposely avoided service without offering any facts in support of this argument.  Counsel for [Appellant] also contended that he had appeared for the Arbitration but advised his client no to come because there was no service and no complaint filed.  These arguments do not constitute a compelling excuse for [Appellant's] inactivity in this case.

Finally, [Appellee] is prejudiced by [Appellant's] failure to prosecute this matter because the statute of limitations has since tolled.  It is well settled under Pennsylvania Law that the filing of a Praecipe for a Writ of Summons will only toll the statute of limitations if, during the life of the Writ, the plaintiff makes a good faith attempt to effectuate service of the Writ.  What constitutes a "good faith" effort to serve legal process is a matter to be assessed on a case by case basis.  [Appellant] clearly did not put forth a "good faith" effort here.

Trial Ct. Op. at 3-4 (citations omitted).  We agree with the trial court that the three prong test enunciated in **Jacobs** has been met.  **See Jacobs**, 710 A.2d at 1103; Rule 3051(c)(3)(iii).  Accordingly we affirm the order denying Appellant's petition to open judgment of non pros.

Order affirmed.

J. S27045/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/27/2015</u>