IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra Bertil,                                  :
                                                :
                    v.                          :        No. 685 C.D. 2023
                                                :        Submitted: March 4, 2025
Mamadou Barry and City of                       :
Philadelphia                                    :
                                                :
Appeal of: Mamadou Barry                        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge (P.)
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER                  FILED: April 24, 2025


        Mamadou Barry (Barry) appeals the February 21, 2023 Order of the Court of
Common Pleas of Philadelphia County (trial court), which denied Barry's Petition
to Strike Judgment (Petition). In the Petition, Barry asked the trial court to strike a
default judgment entered against him because of improper service of original
process. The trial court denied the Petition because Barry relied on facts outside of
the record at the time the judgment was entered. Upon review, we affirm the trial
court's Order because there are no fatal defects regarding service of original process
**on the face** of the record at the time the default judgment was entered to justify
striking the judgment.

I.      BACKGROUND

        On October 22, 2019, Sandra Bertil (Bertil) filed a Complaint in the trial court
against Barry and the City of Philadelphia (City) after she tripped and fell on the

sidewalk in front of a property owned by Barry and located at 1318 West Nedro Avenue, Philadelphia, Pennsylvania (Complaint). (Original Record (O.R.) at 9-15.)[1] In the two-count Complaint, Bertil alleged that Barry and the City's negligent maintenance of the sidewalk caused her injuries. (*Id.*) Further, Bertil averred that Barry resided at 1318 West Nedro Avenue. (*Id.* at 10.) However, when a process server attempted to serve Barry with the Complaint at 1318 West Nedro Avenue, the occupant of the residence informed the process server that Barry was his landlord and did not reside at that address. (*Id.* at 18.)

After the unsuccessful attempt to serve Barry at 1318 West Nedro Avenue, Bertil filed a Praecipe to Reinstate Complaint on October 30, 2019. (*Id.* at 20.) This time, a process server attempted to serve Barry with the Complaint at 3627 Germantown Avenue, Philadelphia, Pennsylvania. (*Id.* at 30.) Again, service of process was unsuccessful because Barry did not reside at 3627 Germantown Avenue, but was the occupant's landlord. (*Id.*)

On February 12, 2020, Bertil filed a second Praecipe to Reinstate Complaint, after which a process server attempted to serve Barry with the Complaint at 7042 Wheeler Street, Philadelphia, Pennsylvania. (*Id.* at 43, 53.) According to the Affidavit of Service, which described the person to whom the Complaint was served by "age, height, weight, race, and sex," the process server successfully served Barry personally with the Complaint. (*Id.* at 53.) The Affidavit of Service established that Bertil effectuated service of the Complaint upon Barry at 7042 Wheeler Street, yet Bertil did not amend the Complaint to reflect that Barry resided at any address other than 1318 West Nedro Avenue. (*Id.* at 45, 53.)

---

[1] For convenience, the citations to the Original Record reflect electronic pagination.

Barry did not respond to the Complaint. Consequently, on July 22, 2020, Bertil mailed, by regular and certified mail, a ten-day notice of default judgment to Barry at 7042 Wheeler Street, in compliance with Pennsylvania Rule of Civil Procedure 237.1(2), Pa.R.Civ.P. 237.1(2). (*Id.* at 79-84.) According to the certified mail return receipt, the United States Postal Service (USPS) delivered the ten-day notice of default judgment to Barry at 7042 Wheeler Street. (*Id.* at 79, 83.) Following the expiration of the ten-day period and with no response from Barry, Bertil filed a Praecipe to Enter Default Judgment with the prothonotary on August 14, 2020. (*Id.* at 76-77.) Bertil served the Praecipe to Enter Default Judgment on Barry by mail to 7042 Wheeler Street. (*Id.* at 85.) The prothonotary entered the default judgment against Barry the same day. (*Id.* at 4.)

On May 12, 2022, an arbitration panel held a hearing on the Complaint and the City's cross-claim against Barry, at which Barry did not appear. (*Id.* at 4-5, 99.) Following the hearing, the arbitration panel entered judgment in favor of Bertil and entered judgment in favor of the City on its cross-claim against Barry. (*Id.*) Subsequently, on July 14, 2022, Bertil filed a Praecipe for Judgment against Barry in accordance with the arbitration panel's award. (*Id.* at 105.)

Five months later, on January 6, 2023, counsel for Barry entered his appearance and filed the instant Petition. (*Id.* at 108-13.) In the Petition, Barry argued that the trial court should strike the default judgment entered against him because fatal defects appear on the face of the record regarding service of the Complaint. (*Id.* at 112-13, 118-20.) Specifically, Barry asserted that the following defects justified the striking of the default judgment: (1) Bertil never informed the Office of Judicial Records that Barry resided at 7042 Wheeler Avenue; (2) Barry does not own the property located at 7042 Wheeler Avenue, but an individual named

3

"Mamadou Alpha Barry" owns the property; and (3) the Complaint was served on "Mamadou Alpha Barry" at an address not associated with Barry. (*Id.*) Because of these alleged defects, Barry argued the trial court lacked personal jurisdiction over him and, thus, the default judgment should be stricken.

The trial court denied the Petition. In its Pennsylvania Rule of Appellate Procedure 1925(a) Opinion, the trial court explained that there were no fatal defects on the face of the record to justify striking the default judgment because the record showed that Barry was personally served with the Complaint in accordance with Pennsylvania Rule of Civil Procedure 402, Pa.R.Civ.P. 402. (Trial Ct. 1925(a) Op. at 3-4.) The trial court further explained that Barry's arguments improperly relied on facts outside the record at the time the default judgment was entered, which the trial court cannot consider in a petition to strike a default judgment. (*Id.* at 4.)

Barry now appeals to this Court.[2]

## II.    DISCUSSION[3]

Generally, default judgments are disfavored. *City of Philadelphia v. David J. Lane Advert., Inc.* 33 A.3d 674, 677 (Pa. Cmwlth. 2011). A party may challenge the entry of a default judgment by filing either a petition to strike or open the judgment. *See Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918-19 (Pa. 1997). "A petition to strike a default judgment and a petition to open a default judgment are generally not interchangeable." *Id.* at 918. "Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment." *Id.* at 919. "A petition to

---

[2] On May 22, 2023, the Superior Court transferred Barry's appeal to this Court.
[3] "This Court's review of a denial of a petition to strike a default judgment is limited to whether the common pleas court committed an error of law." *City of Philadelphia v. David J. Lane Advert., Inc.*, 33 A.3d 674, 677 n.6 (Pa. Cmwlth. 2011) (citing *Resol. Tr. Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269 (Pa. 1996)).

4

strike does not involve the discretion of the court" and "can only be granted if a fatal defect appears on the face of the record." *Id.* at 918-19.

On appeal, Barry argues that the record supporting the default judgment is fatally defective because Bertil did not properly serve him with original process. Additionally, Barry argues that Bertil did not make a good-faith effort to serve him with original process before the applicable statute of limitations expired, and, thus, the Complaint is time barred.

### A. *Service of Original Process*

Barry asserts that "the fatal errors or irregularities that appear on the face of the record are those which reference alleged addresses used to attempt to effectuate service of original process." (Barry's Brief (Br.) at 11.) First, Barry argues that he was not served with original process because Bertil did not serve him at the address listed in the Complaint, and Bertil never amended the Complaint to reflect a different address. Thus, Barry contends that the trial court lacked personal jurisdiction over him because personal service of original process did not occur at the address listed in the Complaint. Second, Barry argues that the alleged service of original process at 7042 Wheeler Street was invalid because a different individual, named "Mamadou Alpha Barry," resided at the address and Barry was not associated with the address. Barry contends that the trial court should have scheduled a hearing regarding the Petition, at which Barry could have provided evidence that he is not associated with 7042 Wheeler Street.

Service of original process is a "prerequisite to investing a court with personal jurisdiction over the defendant." *Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 999 (Pa. 2024) (quoting *Lamp v. Heyman*, 366 A.2d 882, 892 (Pa. 1976) (Pomeroy, J., dissenting)). "[W]ithout valid service, a court lacks personal jurisdiction of a

5

defendant and is powerless to enter judgment against him or her[.]" *Id.* (quoting *Cintas*, 700 A.2d at 917-18). Thus, "the rules concerning service of process must be strictly followed." *Id.* (quoting *Cintas*, 700 A.2d at 917-18). Relevant to this case, the manner of service of original process is governed by Pa.R.Civ.P. 402(a), which provides:

> (a) Original process may be served
>
>> (1) by handing a copy to the defendant; or
>>
>> (2) by handing a copy
>>
>>> (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
>>>
>>> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>>>
>>> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.Civ.P. 402(a).

Here, we conclude that there are no fatal defects regarding service of original process **on the face** of the record at the time the default judgment was entered to justify striking the judgment. First, the Affidavit of Service in the record shows that a process server personally served Barry with original process by handing a copy of the Complaint to him in compliance with Pa.R.Civ.P. 402(a)(1). Nothing on the face of the record contradicts the Affidavit of Service. Moreover, contrary to Barry's argument, the plain language of Pa.R.Civ.P. 402(a)(1) does not include a

6

requirement that Bertil personally serve Barry with the Complaint **at the address listed in the Complaint**. *See* Pa.R.Civ.P. 402(a)(1) (permitting service of original process "by handing a copy to the defendant"); *Silver v. Thompson*, 26 A.3d 514, 517 (Pa. Super. 2011) ("[Pa.R.Civ.P. 402(a)(1)] does not include language requiring process be served on a defendant at a specific location."); *Gilfor ex rel. Gilfor v. Altman*, 770 A.2d 341, 345 (Pa. Super. 2001) (explaining that under Pa.R.Civ.P. 402(a)(1), "[a]n individual may be served in any county where he is personally present and a copy of the original process is handed to him").[4]  Additionally, although an inaccurate address may in some cases **result** in ineffective service of process, *see, e.g.*, *Grady v. Nelson*, 286 A.3d 259 (Pa. Super. 2022), the Pennsylvania Rules of Civil Procedure do not require a plaintiff to update the address of a defendant's residence in the record.  Therefore, we conclude that Bertil properly served Barry with the Complaint.

Barry contends that the Superior Court's decisions in *Grady*, 286 A.3d 259, and *Simmons v. Luallen*, 738 A.2d 1018 (Pa. Super. 1999) (*Simmons I*), *reversed*, 763 A.2d 810 (Pa. 2000) (*Simmons II*), support his argument that Bertil was required to serve him with original process at the address listed in the Complaint and to update the record to reflect an accurate address.  However, neither case supports Barry's argument.

In *Grady*, a deputy sheriff unsuccessfully attempted to personally serve the defendant with a **writ of summons** at a non-existent address provided by the plaintiff.  286 A.3d at 262.  The next day, the deputy sheriff did personally serve the

---

[4] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citing *Donaldson v. Workers' Comp. Appeal Bd. (Pa. Workers' Comp. Sec. Fund)*, 728 A.2d 994 (Pa. Cmwlth. 1999)).

defendant at a different address. *Id.* Although the return of service from the unsuccessful attempt established that the address provided by the plaintiff did not exist, the plaintiff nonetheless averred in a subsequent complaint that the defendant resided at the non-existent address. *Id.* Importantly, the plaintiff mailed the complaint and, later, a ten-day notice of default judgment **to the non-existent address**. *Id.* Notices **sent by the prothonotary**, including the **notice of the default judgment**, were also **sent to the non-existent address** and **were returned as undeliverable**. *Id*. at 262-63. On appeal, the Superior Court reversed the trial court's denial of the defendant's petition to strike and/or open the default judgment,[5] concluding that "a fatal defect existed on the face of the record at the time of entry of judgment as evidenced by the sheriff's return of service: **the use of a non-existent address** . . . **for service of the complaint and judgment notices**." *Id.* at 264 (emphasis added).

This case is factually and legally distinguishable from *Grady*. In *Grady*, original process was a writ of summons, personally served on the defendant after attempting to serve it at a non-existent address; however, service of the complaint[6] and notices of default judgment were all sent to the non-existent address. *Id.* at 262. In fact, when the plaintiff filed the praecipe for entry of default judgment, plaintiff filed a certification identifying the non-existent address as defendant's address. *Id.* The Superior Court stated that "[t]he duty to make proper service begins with service of original process[, and] [t]his duty continues throughout all stages of the case." *Id.*

---

[5] We note that the Superior Court limited its analysis to whether the trial court erred in denying the defendant's petition to strike. *Grady*, 286 A.3d at 263-64. We also note that in the trial court's Pa.R.A.P. 1925 opinion, it recognized that **it had erred** in not striking the judgment based on the "fatal defect in all service on [the defendant] subsequent to the service of the initial Writ and associated documents." *Id.* at 263.

[6] It is the complaint to which an answer is filed, not a writ of summons.

at 264 (citations omitted). Apparent **on the face of the record** was that there was **no service** of the complaint and notices of default, which were returned to the court as undeliverable. *Id.* at 264-65. Unlike in *Grady*, in this case Barry is apparently **only** challenging service of original process, the Complaint. Here, the record contains the Affidavit of Service of the Complaint, which was not mailed to a known non-existent address, but which shows personal service by a process server handing a copy of it to Barry in compliance with Pa.R.Civ.P. 402(a)(1). Additionally, although not challenged by Barry,[7] unlike in *Grady*, Bertil did not mail the ten-day notice of default judgment to a known non-existent address; rather, Bertil mailed, by certified mail, the ten-day notice to 7042 Wheeler Street, the address at which Barry was served. Likewise, Bertil served the Praecipe to Enter Default Judgment on Barry by mail to 7042 Wheeler Street. Therefore, unlike in *Grady*, there is no indication on the face of the record that Barry did not receive proper service of the Complaint and subsequent notices of the default judgment.

*Simmons I* is also inapposite to the case at bar. In *Simmons I*, the appellant argued, among other things, that the appellee did not properly serve her with notice of an appeal from an order of a magisterial district judge and, thus, the common

_____

[7] Although Barry only challenges service of the Complaint, in his brief, Barry copies his Petition's statement that "it can be safely assumed that notices of the judgment were sent to [1318 West Nedro Avenue,] the address where service of original process was not made." (Barry's Br. at 12.) We disagree. Although the Complaint contained an incorrect address for Barry's residence, the record shows that the notices of the default judgment were sent to the address where Barry was personally served with original process. Before Bertil filed the Praecipe to Enter Default Judgment, Bertil mailed by certified mail a ten-day notice of default judgment in accordance with Pa.R.Civ.P. 237.1(2)(ii) to 7042 Wheeler Street. USPS successfully delivered the ten-day notice to the Wheeler Street address. Further, Bertil mailed the Praecipe to Enter Default Judgment to Barry at 7042 Wheeler Street. Importantly, Barry does not argue that he did not receive these notices. (Barry's Br. at 12.) Thus, the face of the record does not contradict effective service.

9

pleas court erred in denying her petition to open and/or strike judgment.[8]  738 A.2d at 1019-20.  Regarding the improper service issue, the Superior Court affirmed the common pleas court and concluded that the appellee properly served the appellant with notice of the appeal per Pennsylvania Rule of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges 1005, Pa.R.C.P.M.D.J. 1005.[9]  *Id.* at 1020-21; *see also* Pa.R.C.P.M.D.J. 1005 (governing service of appeals and other papers from judgments of magisterial district judges).  Here, unlike in *Simmons I*, service of an appeal from a magisterial district judge is not at issue; rather, the issue is whether service of original process complied with the Pennsylvania Rules of Civil Procedure.  As discussed above, Barry was properly served with the Complaint in accordance with Pa.R.Civ.P. 402(a)(1).

Second, there are no facts of record that would show that Barry did not reside at 7042 Wheeler Street when the Affidavit of Service states that he was personally served with the Complaint.  Barry contends that he is not associated with that address and that another individual, named "Mamadou Alpha Barry," resides there.  Barry argues that the trial court should have held a hearing so that Barry could have submitted evidence to prove this contention.  However, any such evidence would be **outside the record** at the time the default judgment was entered and, therefore,

---

[8] We note that the Superior Court examined the appellant's argument that service was improper through the petition to strike framework.  *See Simmons I*, 738 A.2d at 1020-21.

[9] Our Supreme Court reversed the Superior Court's decision to affirm the common pleas court's denial of the appellant's petition to open and/or strike the judgment, concluding that the appellant "satisfied the requisites for relief specified in [Pennsylvania] Rule [of Civil Procedure] 237.3[, Pa.R.Civ.P. 237.3]." *Simmons II*, 763 A.2d 813.  The Supreme Court did not disturb the Superior Court's conclusion that service of the notice of appeal complied with Pa.R.C.P.M.D.J. 1005. *See id.* at 811-13.

irrelevant for purposes of this Petition.[10]  *See Cintas Corp.*, 700 A.2d at 919 ("Because a petition to strike operates as a demurrer, **a court may only look at the facts of record at the time the judgment was entered** to decide if the record supports the judgment.") (emphasis added).

For these reasons, we conclude that there are no fatal defects on the face of the record at the time the default judgment was entered to justify striking the judgment, and, therefore, the trial court properly denied the Petition.

## B. Statute of Limitations

Next, Barry argues, for the first time on appeal, that the Complaint is time barred because Bertil did not make a "good-faith effort" to reinstate and serve Barry with the Complaint within the applicable two-year statute of limitations. (Barry's Br. at 13-15.)  In opposition, Bertil argues that Barry did not preserve this issue for appellate review because Barry neither raised the issue before the trial court nor in his Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), Concise Statement of Errors Complained of on Appeal (1925(b) Statement).

We conclude that Barry has waived the statute of limitations issue.  First, Barry did not raise the issue before the trial court in his Petition or otherwise, as required by Pennsylvania Rule of Appellate Procedure 302(a).  *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time

---

[10] In the Petition, Barry "recognizes that [] the information as to the actual title holder(s) of 7042 Wheeler Street . . . represents *extrinsic* evidence."  (Pet. ¶ 14 n.1 (emphasis in original).) If Barry wished to provide the trial court this extra-record evidence, he should have pursued a petition to open the judgment, not a petition to strike the judgment. *See Cintas Corp.*, 700 A.2d at 919 ("[I]f a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment."); *Reaves v. Knauer*, 979 A.2d 404, 409 (Pa. Cmwlth. 2009) ("A party seeking to challenge the factual averments in the record at the time the judgment was entered should file a petition to open the judgment.").

on appeal."); *Commonwealth v. Sanchez*, 82 A.3d 943, 978 (Pa. 2013) ("It is a bedrock appellate principle that 'issues not raised in the lower court are waived and cannot be raised for the first time on appeal.'") (citations omitted); *Branch v. Cohen*, 736 A.2d 732, 736 (Pa. Cmwlth. 1999) (finding a statute of limitations issue waived under Pa.R.A.P. 302(a)). Second, even if Barry had raised the statute of limitations issue before the trial court, the issue is still waived because he did not raise the issue in his 1925(b) Statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [1925(b)] Statement . . . are waived."); *Kull v. Guisee*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013) ("Issues not included in a party's 1925(b) Statement are waived and will not be addressed on appeal.") (citations omitted); *Andrews v. Cross Atl. Cap. Partners, Inc.*, 158 A.3d 123, 129 (Pa. Super. 2017) (finding a statute of limitations issue waived under Pa.R.A.P. 1925(b)(4)(vii)). Therefore, we will not address Barry's statute of limitations issue.

## III.   CONCLUSION

For the foregoing reasons, we affirm the trial court's Order.

_____
RENÉE COHN JUBELIRER, President Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sandra Bertil, | : | |
| | : | |
| v. | : | No. 685 C.D. 2023 |
| | : | |
| Mamadou Barry and City of | : | |
| Philadelphia | : | |
| | : | |
| Appeal of: Mamadou Barry | : | |

## **O R D E R**

**NOW**, April 24, 2025, the February 21, 2023 Order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge