J-A20028-22

2022 PA Super 186

| | |
|---|---|
| FLETCHER GRADY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN NELSON AND LISA ANN NELSON | |
| APPEAL OF: BRIAN NELSON | |
| Appellant | No. 2115 EDA 2021 |

Appeal from the Order Entered September 10, 2021
In the Court of Common Pleas of Chester County
Civil Division at No: 2017-09268

BEFORE:  STABILE, J., DUBOW, J. and PELLEGRINI, J.[*]

OPINION BY STABILE, J.:                                   **FILED OCTOBER 21, 2022**

In this personal injury action, Appellant, Brian Nelson, appeals from an order denying a petition to strike and/or open a default judgment entered against him in the amount of $1,000,000.00.  We conclude that Appellant was entitled to have the judgment stricken, as two fatal defects existed on the face of the record as of the date of judgment.  There is conclusive evidence that Appellee, Fletcher Grady, served the complaint and judgment notices on a non-existent address, thus depriving Appellant of notice that this action was pending against him. Appellee's ten-day notice of intent to enter a default judgment also did not substantially comply with the language required under

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pa.R.Civ.P. 237.5 and 237.1. Accordingly, we reverse the order denying Appellant's petition to strike and remand for further proceedings.

This action rests upon the following allegations. James Cannavo was a lessee in a nonresidential property owned by Appellant in West Chester, Pennsylvania. On November 1, 2015, while inside the property, Cannavo shot Appellee, causing serious internal injuries. Cannavo was subsequently convicted of attempted murder and is serving a sentence of 25-50 years' imprisonment. It does not appear that Appellant was at the property at the time of the shooting. Appellee alleges that Appellant was negligent for leasing the property to Cannavo, whom Appellant knew was a dangerous person who drank, abused substances, and engaged in unlawful activities.

The record, as of the date judgment was entered against Appellant, provides the following.

On September 28, 2017, Appellee commenced this action via a writ of summons against Appellant and his wife, Lisa Ann Nelson.[1] The record includes a sheriff service form directing the Sheriff to serve Appellant and his wife with the writ of summons at "1075 Price Street" in West Chester. The form listed two alternate addresses in West Chester for service, 510 High Street and 1234 West Chester Pike (Appellant's business address). On October 24, 2017, a deputy sheriff attempted to serve Appellant and his wife at 1075 Price Street but was unable to make service. On the service form

_____

[1] Lisa Ann Nelson was later dismissed from this action.

relating to Appellant, the deputy sheriff wrote, "Price St. address does not exist." On the service form relating to Appellant's wife, the deputy wrote, "No such number on Price St. No such address found on Chescoviews. Better address needed."

The deputy telephoned Appellant and left a voice message. The following day, the deputy served the writ of summons on Appellant at a different address, 706 East Gay Street in West Chester.[2]

On July 31, 2018, Appellee filed a complaint alleging that Cannavo shot Appellee at 1075 Price Street, and that Appellant was liable for negligence in leasing the premises at 1075 Price Street to Cannavo. The complaint alleged that Appellant resided at 1075 Price Street. The affidavit of service averred that counsel for Appellee served the complaint on Appellant by regular mail on July 31, 2018. Attached to the affidavit was a letter from counsel enclosing the complaint, endorsed with a notice to plead, and addressed to Appellant at 1075 Price Street.

On August 27, 2018, counsel for Appellee mailed Appellant a notice of intent to enter a default judgment in ten days due to Appellant's failure to file an answer to the complaint. The address on the notice of intent was 1075 Price Street. The first sentence of the notice stated, "You are in default because you have failed to take action required of you in this case." This language was different from the text required by the applicable rule of civil

---

[2] In his subsequent petition to strike the judgment, Appellant averred that this address was a Wawa convenience store in West Chester.

- 3 -

procedure that provides, "You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Pa.R.Civ.P. 237.5.

On September 7, 2018, Appellee filed a praecipe for entry of default judgment against Appellant. On the same date, Appellee filed a certification identifying Appellant's address as 1075 Price Street. The prothonotary entered judgment in favor of Appellee and against Appellant and sent a Pa.R.Civ.P. 236 notice of the default judgment to 1075 Price Street. This notice, as well as all other notices sent by the prothonotary to the Price Street address, were returned to the prothonotary's office as undeliverable. Following entry of judgment, the court scheduled an assessment of damages hearing for March 15, 2019. On March 22, 2019, the court entered a verdict for Appellee in the amount of $1,000,000.00.

Over two years later, on June 21, 2021, Appellee served Appellant with a notice of deposition in aid of execution of judgment **for the first time** at Appellant's business address, 1234 West Chester Pike. Appellant retained counsel[3] and filed a petition to strike or open judgment on July 21, 2021. Appellee filed a timely answer to the petition.

_____

[3] It does not appear from the record that Appellant retained counsel until this point in the case.

On September 10, 2021, the court entered an order denying Appellant's petition to strike or open judgment. In relevant part, the order stated, "A petition to strike a default judgment will only be granted where there is a fatal defect that is apparent from the face of the record. . . . We find no such defect." Order, 9/10/21 at n.1 (citation omitted). Appellant filed a motion for reconsideration, which the court denied on October 4, 2021.

On October 7, 2021, Appellant filed a timely appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Notably, the trial court stated in its Rule 1925 opinion:

Upon further examination, the trial Court believes it erred in not striking the judgement [*sic*]. The gist of [Appellant's] Petition is that he did not receive service of the Complaint, notices for entry of default judgment or trial notices addressed to him at 1075 Price Street, West Chester, PA 19320. An examination of the record reflects that in an attempt to serve [Appellant], the Office of the Chester County Sheriff filed an Affidavit of Service Return on October 11, 2017 that the 1075 Price Street address does not exist and that alternative addresses for service on [Appellant] should be 510 South High Street, West Chester, PA or 1234 West Chester Pike, West Chester, PA. Nonetheless, counsel for [Appellee] continued service of all documents on [Appellant] at the 1075 Price Street address.

In addition, all the trial notices sent by the trial Court to [Appellant] at the 1075 Price Street address were returned by the Post Office with the label "Return to Sender-No Such Number Unable to Forward." As such, it appears that there is a fatal defect in all service on [Appellant] subsequent to the service of the initial Writ and associated documents.

Opinion, 12/6/21, at 2-3 (footnote omitted).

Appellant raises the following issues in this appeal:

1. Should the Court remand this matter to the trial court for entry of an amended order consistent with the trial court's Rule 1925 opinion?

2. Did the trial court abuse its discretion or commit an error of law when it denied [Appellant's] Petition to Strike Off or Open Default ("Petition"), where a substantial defect in the procedures in this case, and a breakdown of the judicial system, resulted in entry of a $1 million judgment against [Appellant] without notice or any other basic due process?

3. Did the trial court abuse its discretion or commit an error of law in denying [Appellant's] Petition to Strike?

4. Did the trial court abuse its discretion or commit an error of law in denying [Appellant's] Petition to Open?

Appellant's Brief at 4-5. Since we find the third issue dispositive, we limit our analysis to that issue.

An appeal regarding a petition to strike a default judgment

implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

***Penn National Mutual Casualty Insurance Company v. Phillips***, 276 A.3d 268, 273-74 (Pa. Super. 2022) (citations and indentations omitted). Further, "[w]here a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void." ***Keller v. Mey***, 67 A.3d 1, 4 (Pa. Super. 2013).  A litigant may seek to strike a void judgment at any time. ***Domus, Inc. v. Signature Building Systems of Pa, LLC***, 252 A.3d 628, 640 (Pa. 2021).

In this case, a fatal defect existed on the face of the record at the time of entry of judgment as evidenced by the sheriff's return of service: the use of a non-existent address, 1075 Price Street, for service of the complaint and judgment notices.  One of the fundamental objectives of the Rules of Civil Procedure is to ensure that litigants receive proper notice of all proceedings. The duty to make proper service begins with service of original process. ***Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.***, 221 A.2d 185, 187 (Pa. 1966) (rules relating to service of original process "must be strictly followed").  This duty continues throughout all stages of the case. Pennsylvania Rule of Civil Procedure 440 provides, "Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action."  Pa.R.Civ.P. 440(a)(1).  When there is no attorney of record for the defendant,[4] "service

_____

[4] Again, it appears Appellant did not have counsel in this case until July 2021, when he filed his petition to strike or open judgment.  ***See*** n. 3.

- 7 -

shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party, or by transmitting a copy by facsimile[.]" *Id.* If the plaintiff seeks a default judgment due to the defendant's failure to answer the complaint, the plaintiff must "mail[] or deliver[]" a written notice of intent to enter judgment to the defendant at least ten days before filing a praecipe for entry of judgment. Pa.R.Civ.P. 237.1(a)(2). Further, when the plaintiff files the praecipe, he must certify that he served the defendant with the ten-day notice and attach a copy of the notice to the praecipe. Pa.R.Civ.P. 237.1(a)(2)-(4). Finally, the prothonotary must mail all orders and notices of judgment to the defendant. Pa.R.Civ.P. 236(a)(2).

Notices required under the Rules are ineffective if they are sent to an incorrect address. For example, in ***Brown v. Great Atlantic & Pacific Tea Co.***, 460 A.2d 773 (Pa. Super. 1983), the plaintiff/appellee sent a ten-day notice of intent to enter default judgment to an address from which the defendant/appellant had moved more than one year prior and from which mail was no longer forwarded to the defendant. We held that the trial court abused its discretion in refusing to open judgment, reasoning that "appellant never received any notice of appellee's intention to enter default judgment, and . . . this fact was not appellant's but appellee's fault." *Id.* at 776.

Here, Appellee instructed the deputy sheriff to serve original process on Appellant at 1075 Price Street. The deputy's return of service conclusively

establishes that he was unable to make service at 1075 Price Street because this address "does not exist". The deputy ultimately served Appellant with original process at a different address. Subsequently, however, Appellee mailed the complaint and ten-day notice of intent to enter a default judgment to 1075 Price Street, an address which the sheriff's return unequivocally states does not exist. Moreover, the prothonotary likewise sent the Rule 236 notice of the default judgment to 1075 Price Street. These multiple errors in service of essential documents deprived Appellant of notice of the proceedings and required the trial court to strike the judgment against him.

Appellee contends that the sheriff's return of service did not conclusively establish that 1075 Price Street was an incorrect address. According to Appellee, the trial court had the discretion to determine what weight, if any, to give to the return, and the court acted within its discretion by deciding not to accept the return as true.

We disagree with Appellee's argument in light of our Supreme Court's analysis in *Hollinger v. Hollinger*, 206 A.2d 1 (Pa. 1965). *Hollinger* held that "in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence." *Anzalone v. Vormack*, 718 A.2d 1246, 1248 (Pa. Super. 1998) (analyzing *Hollinger*). *Hollinger* defined the "rule of conclusiveness" as follows:

> The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the

sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect. However, both logic and common sense restrict the conclusive nature of a sheriff's return *only to facts stated in the return of which the sheriff presumptively has personal knowledge*, such as *when and where* the writ was served; when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend *(a) to facts stated to the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others.* When a sheriff's return states that a certain place is the *residence* or *dwelling* house of the defendant, such statement is not a matter ordinarily within the personal knowledge of the sheriff but only a statement based upon that which he has been told by other persons, *i.e.*, he had been instructed by a third person to make service at a certain place which he is *told* is the residence or dwelling house of the defendant. No sound reason exists for giving a conclusive effect to a statement or conclusion which arises not from the sheriff's own personal knowledge or observation but from information given him by other persons. In the case at bar, no attack is permissible upon the statements in the sheriff's return that he served this writ at a certain specified time at [a specified address], but the rule does not preclude an attack upon the statement in the return that [a specified address at which service was made], was the *dwelling house* or *residence* of Rita Hollinger.

*Id.*, 206 A.2d at 3–4 (emphasis in original).

*Anzalone* provides a helpful application of these principles. There, a constable wrote in a return of service that service of process took place at "1:45 p.m." on "7–6–96" upon the defendant's "girlfriend" (Stacy Fuller) at the "Sunny Hill Apts, at poolside, Beaver Falls, [Beaver County,] PA". The caption of the case listed the defendant's address as "15 Sunnyhill Drive, Beaver Falls, PA 15010." This Court observed that under *Hollinger*,

- 10 -

statements in a return of service listing when and where a complaint is delivered constitute matters which are within the personal knowledge of the process server and not subject to attack. This renders the date, time and place service was made by Constable Ehrenberg conclusive and immune from assault. However, with regard to the status of the person to whom service was made being a "girlfriend" named "Stacy Fuller" and the defendant's address being "15 Sunnyhill Drive, Beaver Falls, PA", these are matters which the constable presumptively had no personal knowledge but learned via third party disclosure. As such, the defendant was not precluded from attacking such representations.

*Id.*, 718 A.2d at 1249.[5]

In this case, Appellee instructed the sheriff to serve Appellant and his wife at 1075 Price Street. The returns of service indicate that a deputy sheriff attempted to make service at 1075 Price Street on October 24, 2017 but was unable to do so because this address did not exist. On the return of service relating to Appellant, the deputy wrote that the "[1075] Price St. address does not exist." On the service form relating to Appellant's wife, the deputy wrote,

---

[5] The decisions cited in Appellee's brief follow the same principle that the sheriff's return is conclusive as to matters within the personal knowledge of the sheriff but is not conclusive as to matters that fall outside his personal knowledge. *See Mischenko v. Gowton*, 453 A.2d 658, 659 (Pa. Super. 1982) (plurality opinion) (sheriff's return of service which is full and complete on its face is conclusive and immune from attack by extrinsic evidence, but this rule does not extend to facts not within personal knowledge of the sheriff, such as whether the place at which sheriff served process was defendant's residence); *Quatrochi v. Gaiters*, 380 A.2d 404, 407 (Pa. Super. 1977) (in petition to open default judgment, defendant may attack validity of sheriff's return when he alleges that he did not reside at place where sheriff effected service; defendant's residence is not fact of which sheriff presumptively has personal knowledge, and he must ordinarily rely upon hearsay information supplied by third parties in determining defendant's residence).

"No such number on Price St. . . . ." Since the deputy himself visited Price Street and attempted to locate this address, he presumptively gained personal knowledge that it was not an actual address. He did not merely learn this detail through hearsay or third-party statements. Thus, like the date, time and place details in **Anzalone**, the deputy's finding that the address of 1075 Price Street did not exist was "conclusive and immune from assault." **Id.**, 718 A.2d at 1249. Appellee therefore, is not correct in asserting that the court was free to give whatever weight (including none) it chose to the sheriff's return that related 1075 Price Street does not exist. The return was conclusive on this fact.

During oral argument, counsel for Appellee asserted that if we were inclined to grant relief to Appellant, the most we could do is remand for further evidentiary proceedings in accordance with Pa.R.Civ.P. 206.7 ("Procedure After Issuance Of Rule To Show Cause").[6] Appellee arguably waived this argument because there is no reference to Rule 206.7 or its procedures in

---

[6] Rule 206.7(c) provides that when an answer is filed to a petition that raises disputed issues of material fact,

> the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

Pa.R.Civ.P. 206.7(c). The respondent to the petition may also take depositions or such other discovery as the court allows. Pa.R.Civ.P. 206.7(d).

Appellee's brief. Even if Appellee preserved this argument, Rule 206.7 does not apply to this case for two reasons. First, Rule 206.7 provides procedures to follow after (1) a petition is filed **and** (2) the court issues a rule to show cause. Our review of the record and docket entries reflects that the court did not issue a rule to show cause in this case. Second, there should not be a rule to show cause or any evidentiary proceeding when, as here, the court receives a meritorious petition to strike. In such cases, the court decides the petition solely on the record without a rule to show cause, discovery or evidentiary proceedings. **See** Pa.R.Civ.P. 206.4(a)(2) ("A judgment shall be stricken without the issuance of a rule to show cause when there is a defect on the face of the record that constitutes a ground for striking a default judgment"); **see also Penn National**, 276 A.3d at 273-74 (petition to strike is a "demurrer to the record" in which the court examines whether "a fatal defect or irregularity appearing on the face of the record"). Since the record establishes that Appellant's petition to strike was meritorious, further evidentiary proceedings in this case were neither necessary nor permissible.

Before concluding this subject, we find it noteworthy that after Appellee entered judgment and obtained an assessment of damages of $1,000,000.00, he served discovery requests in aid of execution on Appellant at Appellant's business address (1234 West Chester Pike) instead of 1075 Price Street. This fact suggests that Appellee elected to use the non-existent address of 1075 Price Street for service despite having actual knowledge that 1234 West

Chester Pike was a proper address for Appellant. If this actually was the case, then we note our disapproval of such tactics, as they suggest bad faith and an abuse of the rules governing service of legal documents.

We hold that the trial court erred by failing to strike the judgment against Appellant due to service of all documents subsequent to the writ of summons on a non-existent address. This, however, does not conclude our analysis, because we hold that the denial of the petition to strike was erroneous for a second, independent reason: Appellee's use of a defective ten-day notice of intent to take a default judgment.

Preliminarily, we observe that Appellant did not raise any claim in the trial court or in his appellate briefing that the text of the ten-day notice was defective. The first time that Appellant objected to the text of Appellee's ten-day notice was during oral argument. Nevertheless, we recently held in a non-precedential decision that when the defendant merely requests the trial court to open a default judgment, he may still request on appeal that this Court strike the judgment due to the plaintiff's use of a defective ten-day notice of intent to enter default judgment. ***Rooks v. Walker***, 268 A.3d 447, 2021 WL 5445853, \*2 (Pa. Super., Nov. 22, 2021) (memorandum). As support, we cited the following passage from ***Oswald v. WB Pub. Square Assocs.***, LLC, 80 A.3d 790 (Pa. Super. 2013):

> Appellant's original petition challenging Appellee's default judgment exclusively discussed the issue of opening the default judgment. Generally, this Court will decline to address issues not first raised before the trial court. However, we have long held that

a litigant may seek to strike a void judgment at any time. This Court also permits litigants to attack allegedly void decrees for the first time on appeal. Consequently, we will address the merits of Appellant's first issue regarding a petition to strike default judgment.

*Id.* at 793 (citations omitted). We find **Rooks** persuasive,[7] so we will address the merits of Appellant's objection to the ten-day notice.

The Rules of Civil Procedure prohibit the prothonotary from entering default judgment against a party "unless the praecipe for entry includes a certification that a written notice of intention filed with the praecipe was mailed or delivered . . . after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.Civ.P. 237.1(a)(2)(ii). Furthermore, this notice must "substantially" comply with the language set forth in Rule 237.5, which provides in relevant part, "You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Pa.R.Civ.P. 237.5.

The ten-day notice sent in this case provided in relevant part, "You are in default because you have failed [to] take action required of you in this case." We held in **Penn National** and **Oswald** that ten-day notices containing

---

[7] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memorandum decisions of Superior Court filed after May 1, 2019 may be cited for their persuasive value).

precisely this same language were defective because they did not substantially comply with Rule 237.5.  The **Penn National** court reasoned:

> In **Oswald**, . . . the plaintiff initiated an action against the defendant by filing a complaint with proper service.  After the defendant failed to respond to the complaint, the plaintiff sent the defendant notice of her intention to file a praecipe for default judgment.  The default judgment notice provided in **Oswald** stated, in relevant part, "You are in default because you have failed to take action required of you in this case."  **Id.** at 796 (emphasis omitted).  This Court found that this language was 'deficient' since the notice failed to state "specific reasons why the defendant is in default."  **Id.** (quoting **City of Philadelphia v. David J. Lane Advertising, Inc.**, 33 A.3d 674, 679 (Pa. Cmwlth. 2011)).  Thus, this Court concluded the notice of default judgment rendered the notice 'defective on its face,' as the document was 'not "substantially" in the form required by Rule 237.5.'  **Oswald**, 80 A.3d at 796.
>
> In so holding, this Court adopted the reasoning of the Commonwealth Court in **David J. Lane Advertising, Inc.**, wherein the court explained:
>
>> The general 'failed to take action required of you in this case' language is consistent with the version of the form in Rule 237.5 predating a 1994 amendment (Old Form Notice).  In the 1994 amendment, which became effective on July 1, 1995, the Supreme Court chose to remove this general language in the Old Form Notice and to substitute the more specific language in the current form—'failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you.'  Indeed, it appears from the explanatory comment to the rule that the specific purpose of the 1994 amendment was to add this more specific language to the form.  The explanatory comment notes that the purpose of the modification is to track the language set forth in Pa.R.C.P. [] 1018.1 for a notice to plead, which language expressly directs the defendant to defend by entering an appearance (either personally or by attorney) and by filing with the court in writing

- 16 -

defenses or objections to the claims in the complaint. The comment to Rule 237.5 further provides: 'Since the notice will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form helps to stimulate action and stem the tide of petitions to open default judgments.'

In adopting the revision to the form, then, the Pennsylvania Supreme Court determined that before entering judgment by default (which is no insignificant matter), it was important to notify a defendant specifically what it failed to do (*i.e.*, why it was in default) by tracking the language in the earlier-issued notice to defend. Rather than informing a defendant that he merely 'failed to take action required by you in this case,' a more specific notice of why the defendant was in default that tracks the earlier notice to defend serves as a reminder to the defendant in many cases unrepresented at that point, of the defendant's specific pleading obligations.

*Id.* at 678–79 (internal citations and emphasis omitted).

*Id.* at 278. ***Penn National*** followed ***Oswald's*** reasoning and held that the ten-day notice was "defective on its face because it did not use [or substantially comply with] the required language set forth in Rule 237.5." ***Id.*** at 278-79 (citing ***Rooks***). As a result, ***Penn National*** held that the notice "on its face . . . violated Rule 237.1(a)(2). Thus, the Prothonotary was not authorized to enter the default judgment, and the judgment against [the defendant] was void ab initio. [Accordingly,] the court should have granted the petition to strike the default judgment." ***Id.*** at 279.

The ten-day notice in this case recited the same language as the text found erroneous in ***Penn National*** and ***Oswald***. Therefore, these decisions require us to find the ten-day notice herein defective on its face, thus providing

yet another reason why Appellant is entitled to have the judgment against him stricken.

For the foregoing reasons, we reverse the order denying Appellant's petition to strike the judgment and remand for further proceedings. Since we hold that the judgment must be stricken, it is unnecessary for us to decide the other issues raised by Appellant, including his requests to open the judgment and to remand this case for an amended order.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2022