J-A13001-25                    2025 PA Super 135

| | | |
|---|---|---|
| JACK LINES AND CAROL LINES, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY BRITTON CONSTRUCTION SERVICES, INC. | : | No. 948 WDA 2024 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered July 12, 2024
In the Court of Common Pleas of Clearfield County Civil Division at
No(s):  2023-1424-C.D.

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

OPINION BY BOWES, J.:                              **FILED: JULY 1, 2025**

Timothy Britton Construction Services, Inc. ("Appellant") appeals from the order dismissing its petition to strike and/or open the default judgment entered against it in the underlying suit filed by Jack Lines and Carol Lines ("Appellees").  We reverse and remand for further proceedings.

We glean the following from the record.  On November 15, 2023, Appellees filed a complaint against Appellant for an alleged breach of contract and violations of the Home Improvement Consumer Protection Act and Unfair Trade Practices and Consumer Protection Law.  Critically, the complaint lacked the requisite notice to defend.  *See* Pa.R.C.P. 1018.1(a) (Every complaint filed by a plaintiff . . . shall begin with a notice to defend[.]").

Appellant did not file a response.  Thus, Appellees filed notice of their intent to file a *praecipe* for entry of default judgment pursuant to Pa.R.C.P.

237.1. Upon later submitting the *praecipe*, the court entered default judgment against Appellant. Thereafter, Appellant retained counsel and filed a petition to strike and/or open judgment on January 16, 2024, based upon the deficient complaint. Ultimately, the parties consented to the following order imposed by the trial court:

> [T]he parties through counsel having reached agreement as to the matters raised by the petition to strike default judgment filed by [Appellant], it is the ORDER of th[e trial] court that the default judgment entered by [Appellees] on January 9, 2024, be and is hereby STRICKEN.
>
> [Appellant] shall have twenty days from the date of entry of this order to file responsive pleadings.

Order, 2/16/24 (some capitalization altered).

Appellant failed to timely file a responsive pleading. As a result, Appellees filed another *praecipe* for entry of default judgment on March 12, 2024, which the court entered the same day. Relevant to this appeal, no Rule 237.1 notice was provided beforehand that Appellees were seeking default judgment based upon Appellant's failure to timely comply with the consent order.

Two days later, Appellant filed a petition to strike and/or open the second default judgment because Appellees had not provided notice as mandated by Rule 237.1. On the next day, Appellant submitted an answer, new matter, and counterclaim. Then, on March 21, it filed a supplemental petition, explaining that it did not timely respond because it had not received the requisite ten-day notice. Appellees countered that because they had

- 2 -

previously given Rule 237.1 notice before the first default judgment, no new notice was required. The court held oral argument and, after taking the matter under advisement, dismissed Appellant's petition, thereby refusing to open or strike the default judgment.

This timely appeal followed.[1] Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement.[2] In response, the court filed a letter in lieu of a Rule 1925(a) opinion, advising that no additional opinion would be forthcoming. Thus, we rely upon the reasoning provided in its order dismissing Appellant's petition, which was filed on July 12, 2024. Appellant raises the following issues for our consideration:

1. Whether the trial court erred in finding Appellees were not required to provide Appellant with [ten]-day notice of *praecipe* to enter default judgment pursuant to Rule 237.1 of the Pennsylvania Rules of Civil Procedure and denying Appellant's petition to strike and/or open default judgment on that basis?

2. Whether, even if [ten]-day notice under Rule 237.1 was not required, the trial court abused its discretion in concluding Appellant had not provided sufficient cause to open the judgment?

---

[1] This interlocutory order is appealable as of right. **See** Pa.R.A.P. 311(a)(1) ("An appeal may be taken as of right [from] . . . [a]n order refusing to open, vacate, or strike off a judgment.").

[2] We remind the trial court that its Rule 1925(b) orders must specify, *inter alia*, that: "the statement shall be filed of record;" "the statement shall be served on the judge . . . and both the place the appellant can serve the statement in person and the address to which the appellant can mail the statement[;]" and "any issue not properly included in the statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(ii-iv) (some capitalization altered).

Appellant's brief at 4 (some capitalization altered).

We begin by observing the significance of the fact that Appellant's petition sought to strike and/or open the default judgment. These are discrete types of filings:

> A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable. A petition to open a default judgment is an appeal to the discretion of the court which will only be granted if there is a manifest abuse of discretion or error of law. On the other hand, a petition to strike a default judgment will only be granted where there is a fatal defect or irregularity that is apparent from the face of the record.

*Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa.Super. 2005) (cleaned up). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011) (cleaned up). On the other hand, "a petition to strike . . . raises a question of law and relief thereon will only be granted if a fatal defect appears on the face of the record." *Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 794 n.3 (Pa.Super. 2013) (cleaned up).

Here, Appellant challenges the court's application of Rule 237.1 in dismissing his petition. Thus, we are presented with a question of law for which "our standard of review is *de novo* and our scope of review is plenary." *Grady v. Nelson*, 286 A.3d 259, 264 (Pa.Super. 2022) (cleaned up). Rule 237.1 provides in pertinent part as follows:

(a)(2) No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the *praecipe* for entry includes a certification that a written notice of intention to file the *praecipe* was mailed or delivered:

. . . .

(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the *praecipe* to the party against whom judgment is to be entered and to the party's attorney of record, if any.

The ten-day notice period in subdivision . . . (a)(2)(ii) shall be calculated forward from the date of the mailing or delivery, in accordance with Pa.R.J.A. 107.

(3) A copy of the notice shall be attached to the *praecipe*.

(4) The notice and certification required by this rule may not be waived.

Pa.R.C.P. 237.1(a). This Court has elucidated that "this notice must substantially comply with the language set forth in Rule 237.5[.]"[3] **Grady**,

_____

[3] The text of the suggested form of notice states:

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

*(Footnote Continued Next Page)*

286 A.3d at 268 (cleaned up). However, a plaintiff need not supply second and subsequent notice:

> A certification of notice is a prerequisite in all cases to the entry by *praecipe* of a judgment . . . by default for failure to plead to a complaint. Once the ten-day notice has been given, no further notice is required by the rule even if the time to . . . plead to the complaint has been extended by agreement.

Pa.R.C.P. 237.1, *Note*.

> The Rules also govern the parameters of such agreed-upon extensions:

> After the notice of intention to enter judgment required by Rule 237.1 has been given, the parties may agree in writing to extend the time within which to file a complaint, an answer or preliminary objections. The agreement **shall be in the form prescribed by Rule 237.6** and shall be signed on behalf of both parties. If the required action is not taken within the time specified in the agreement, judgment . . . by default may be entered by the prothonotary without further notice under Rule 237.1.

Pa.R.C.P. 237.2 (emphasis added). Critically, "[p]arties who do not follow the form [provided in Rule 237.6] do so at their peril. Parties who do follow the form should avoid problems of ambiguous agreements." Pa.R.C.P. 237.2, *Comment*. Rule 237.6, in turn, outlines the form which such agreement must "substantially" take for new notice not to be required, as follows:

AGREEMENT PURSUANT TO RULE 237.2 TO EXTEND TIME TO
PLEAD FOLLOWING TEN-DAY NOTICE

---

> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Pa.R.C.P. 237.5.

It is agreed that _ (Plaintiff(s)) (Defendants(s))

(is)(are) granted an extension of time through _____ in which to file

_____ 1. a complaint.

_____ 2. an answer.

_____ 3. an answer or preliminary objections.

After the above date, a judgment . . . by default, as may be appropriate, may be entered upon *praecipe* without further notice.

Pa.R.C.P. 237.6 (providing additionally for the attorneys to sign and date at the end). We discern that substantial compliance with Rule 237.6 requires, at a minimum, (1) an agreement, (2) the time for the extension, and (3) a warning that noncompliance may result in default judgment without additional notice. *Id*. Finally, we reiterate that "[o]ne of the fundamental objectives of the Rules of Civil Procedure is to ensure that litigants receive proper notice of all proceedings." *Grady*, 286 A.3d at 264.

Here, the trial court concluded that Appellee did not need to provide new notice pursuant to Rule 237.1 after the original default judgment was stricken:

[Appellant] did not take the required action after the agreement extending the filing period and [Appellant] had already received a ten[-]day notice of *praecipe* to enter default judgment before the parties agreed to the extension. Therefore, [Appellees] were not required to provide [Appellant] with a ten[-]day notice of *praecipe* to enter default judgment and the default judgment shall not be stricken.

Order, 7/12/24, at ¶ B(5)(b) (some capitalization altered).

Appellant argues that because the consent order did not comport with the requirements of Rule 237.6, Rule 237.2 did not allow for default judgment

- 7 -

to be entered against it absent Rule 237.1 notice. *See* Appellant's brief at 20-21. We agree that new notice was required because the agreed-upon extension did not follow the original Rule 237.1 notice, but was rather part of a new proceeding wherein Appellant was not advised that default judgment was being sought.

Our review confirms that the Rules contemplate a scenario in which Rule 237.1 notice is given, the parties agree to an extension pursuant to Rule 237.6, and then the responding party fails to timely file a pleading. In such a case, there is no need to renew the notice before filing a *praecipe* for a default judgment because the unresponsive party already knows the consequences of noncompliance. In other words, where notice is provided and an agreement to extend is entered to prolong the period before default judgment will be entered, a party does not need to provide repetitive notice before seeking to have default judgment entered. *See* Pa.R.C.P. 237.6 (title providing that it pertains to an "agreement pursuant to Rule 237.1 to extend time to plead following [Rule 237.1] ten-day notice" (capitalization altered)).

In the present matter, Rule 237.1 notice was initially provided. However, the proceedings were interrupted by the entry and striking of the first default judgment, which occurred between the filing of the Rule 237.1 notice and the second, challenged entry of default judgment. For the following reasons, we deem this procedural intrusion critical. To wit, had the parties entered into an agreed-upon extension that was compliant with Rule 237.6 **after** the notice was filed but **before** default judgment was entered, additional

notice would not have been necessary before so entering default judgment. Instead, once Appellant filed a petition to open/strike the default judgment and the court struck the default judgment, there was no longer a triggering Rule 237.1 notice advising Appellant that failure to comply with the consent order would result in default judgment.

Moreover, even if we considered the initial Rule 237.1 notice still active, the agreed-upon extension order did not indicate that failure to timely respond could result in a default judgment. Absent this critical component, it did not substantially comply with the requirements of Rule 237.6. Therefore, default judgment could not be entered without new notice pursuant to Rule 237.1.

In short, Appellant had no cause to believe that failure to file a response in accordance with the agreement could result in a default judgment without further notice. First, the entry and striking of default judgment placed the parties in a new proceeding for Rule 237.1 purposes, and thus notice was required before Appellees could seek the second default judgment. Second, even if we assumed that the initial Rule 237.1 notice remained pending, new notice was still required because the agreement did not comport with Rule 237.6.

Based on the foregoing, we reverse the order dismissing Appellant's petition to strike the default judgment. Since Rule 237.1 notice was not provided as required, we direct the trial court to strike the default judgment. ***Accord Grady***, 286 A.3d at 269 (concluding that defective Rule 237.1 notice requires default judgment to be stricken). In light of our holding, we need

not consider Appellant's contention that the court erred in dismissing his petition to open the default judgment.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/1/2025