J-S02013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KEDECIA MANNA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY JACKSON, SR., AND JACKSON | : | No. 1733 EDA 2025 |
| AND SON, LLC | : | |

Appeal from the Order Entered June 30, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2022-000383

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 18, 2026**

Appellant Kedecia Manna appeals *pro se* from an order sustaining the preliminary objections of Appellees Jackson and Son, LLC, (Jackson and Son) and Larry Jackson, Sr., and dismissing Appellant's complaint.  Appellant argues that the trial court erred by striking and opening the default judgment, sustaining Appellees' preliminary objections, and dismissing Appellant's claims with prejudice.  We affirm.

The trial court summarized the underlying facts of this matter as follows:

Appellant commenced the above captioned case on or about January 20, 2022 by filing a writ of summons.  Thereafter Appellant attempted to serve [Appellee] with the writ at several addresses.  The docket reflects the filing of four sheriff's service process receipts and affidavits for service upon . . . [Appellees] thereafter.

*See* Trial Ct. Op., 9/3/25, at 1 (some formatting altered).

The record reflects that Appellant served the writ of summons to 1) Appellee Jackson and Son at 403 E. 20th St., Chester, PA 19013 (the 20th Street property); 2) Appellee Larry Jackson, Sr., at 135 Worrell St., Chester, PA 19013 (the Worrell property); 3) Capstone Logistics, LLC., (Capstone) at 3033 Market St, Astor, PA 19014 (the Market Street property); and 4) Appellee Larry Jackson, Sr., at 3360 Chichester Ave., Apt. S17, Upper Chichester, PA 19061 (the Chichester property) via the Delaware County Sheriff's Office on January 31, 2022. *See* Civil Docket Report at 2.[1]

Thereafter, the trial court explained:

> After the case had sat dormant for some time, on April 4, 2024, a "Notice of Proposed Termination of Court Case" was issued by the Delaware County Office of Judicial Support in which it noted that the docket had not had any activity for at least two years. On May 2, 2024, Appellant responded by filing a statement of intention to proceed with the case.
>
> Sometime in late 2024 the case was assigned to the undersigned by the Office of the Court Administrator. An order to file a complaint was issued by the court on October 30, 2024. On or about November 19, 2024, Appellant filed a complaint. In the complaint Appellant brought claims against [Appellees] Larry Jackson Sr. and Jackson and Son LLC for fraudulent misrepresentation, breach of contract, and unjust enrichment. Thereafter, on January 9, 2025, Appellant filed a praecipe for

---

[1] Service to the 20th Street property was accepted by Carol Scott, the mother of Larry Jackson Sr. *See* Sheriff Serv. Process Receipt, 2/4/22 3:27pm. Service to the Worrell property was returned. *See* Sheriff Serv. Process Receipt, 2/4/22 3:28pm. Service to the Market Street property, was accepted by "Beverly/Rep." *See* Sheriff Serv. Process Receipt, 2/4/22 3:53pm. Service to the Chichester property was returned and the sheriff's office wrote "I spoke with w/def via phone, he reported rec. papers @ business I earlier served." *See* Sheriff Serv. Process Receipt, 2/4/22 4:00pm.

judgment for failure to answer the complaint, and judgment was entered. On February 6, 2025, an order was signed by the court remanding the record to the Office of Judicial Support due to the entry of final judgments. A writ for possession [for the Worrell property] was also filed and issued by the Office of Judicial Support on or about February 11, 2025.

Around that same time, counsel entered their appearance for [Appellees] and on February 11, 2025, filed a petition to open or strike the judgment, a petition for reconsideration of the court's February 7, 2025 order and a petition for stay. This court entered an order on February 13, 2025 granting reconsideration and vacating the order of February 7, 2025 and staying the execution of judgments in the matter until a hearing on the petition to open and strike the judgment was held.

On March 10, 2025 a hearing was held on [Appellees'] motion. [Appellee Larry Jackson Sr.] alleged that he had never been served with the writ of summons or the complaint and alleged that he had not received Appellant's ten-day notice of intent to request entry of default judgment pursuant to Pa.R.C.P. 237.1. This court granted the petition that same day. A scheduling order was then issued and docketed on March 15, 2025, placing the matter into a trial term beginning on September 26, 2025. On March 31, 2025, [Appellees] filed preliminary objections, and Appellant filed an answer thereto.

A hearing on the preliminary objections was scheduled for April 24, 2025. Appellant failed to appear, and the court entered an order sustaining [Appellees'] preliminary objections on May 2, 2025. Appellant filed a petition for reconsideration and alleged that she [was] unable to attend the hearing due to a medical emergency that day. This court then vacated its order and rescheduled the hearing for argument on June 3, 2025. Following argument and review of the record, this court entered an order that was signed on June 26, 2025 and docketed on June 30, 2025 which sustained [Appellees'] preliminary objections and dismissed the complaint.

*See* Trial Ct. Op., at 1-3 (some formatting altered and footnotes omitted).

Appellant filed a timely notice of appeal[2] and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Did the [trial] court error or abuse its discretion in its interlocutory order dated March 10, 2025, in striking the Appellant's default judgement against . . . Appellees.

2. Did the trial court commit an error of law or abuse its discretion when it sustained . . . Appellees' preliminary objections for insufficient specificity in [Appellant's] pleading under Count-1, fraudulent misrepresentation.

3. Did the trial court commit an error of law or abuse its discretion when it sustained . . . Appellees' preliminary objections for legal insufficiency of a pleading (demurrer), under Count-2, breach of contract.

4. Did the trial court commit an error of law or abuse its discretion when it sustained . . . Appellees' preliminary objections for legal insufficiency of a pleading (demurrer), under Count-2, unjust enrichment.

5. Did the trial court commit an error of law or abuse its discretion when it sustained . . . Appellees' preliminary objections as any doubts about the legal sufficiency of the claims should have been resolved in overruling the preliminary objections and/or permitting . . . Appellant to file an amended complaint rather than dismissing all claims with prejudice and without the right to amend.

_____

[2] We note that an order granting a petition to open or strike a judgment is not immediately appealable under Pennsylvania Rule of Appellate Procedure 311(a)(1), only an order denying such a petition will give rise to an interlocutory appeal of right. **See generally** Pa.R.A.P. 311(a)(1). Therefore, the instant appeal was Appellant's first opportunity to challenge the trial court's decision to open the default judgment.

Appellant's Brief at 4 (some formatting altered).[3]

"A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." **_Green Acres Rehab. & Nursing Ctr. v. Sullivan_**, 113 A.3d 1261, 1270 (Pa. Super. 2015) (citation omitted).

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.
>
> * * *
>
> Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. . . . In making this determination, a court can consider facts not before it at the time the judgment was entered.

_____

[3] We note that in her Rule 1925(b) statement Appellant included claims two through five. **_See_** Appellant's Rule 1925(b) Statement at 1-3 (unpaginated). However, Appellant did not include these claims in her brief. We find that these claims are abandoned on appeal and therefore waived because Appellant did not include these claims in her brief. **_See_** Pa.R.A.P. 2116(a). We note that _pro se_ status does not relieve an appellant of their duty to comply with our Rules of Appellate Procedure. **_Jiricko v. Geico Ins. Co.,_** 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a _pro se_ litigant, _pro se_ status confers no special benefit upon the appellant." **_In re Ullman,_** 995 A.2d 1207, 1211-12 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **_U.S. Bank, N.A. v. Pautenis,_** 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

*Id.* (citations omitted). This test is conjunctive and "if a petition to open a default judgment fails to fulfill any one prong of the three-prong test, then the petition must be denied." ***Roy ex rel. Roy v. Rue***, 273 A.3d 1174, 1188-89 (Pa. Super. 2022) (citation omitted).

Conversely, "a petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***Green Acres***, 113 A.3d at 1267 (some formatting altered and citation omitted).

> A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

***Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022) (citation omitted), appeal denied, 59 MAL 2023, 305 A.3d 953 (Pa. filed Oct. 12, 2023).

> One of the fundamental objectives of the Rules of Civil Procedure is to ensure that litigants receive proper notice of all proceedings. The duty to make proper service begins with service of original process. This duty continues throughout all stages of the case. Pennsylvania Rule of Civil Procedure 440 provides, "Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action." Pa.R.Civ.P. 440(a)(1). When there is no attorney of record for the defendant, "service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading

or the residence or place of business of the party, or by transmitting a copy by facsimile[.]" ***Id.*** [at 440(a)(2)(i).]

***Id.*** at 264-65 (some citations and footnote omitted).  "Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter a default judgment and the default judgment will be considered void."  ***Id.*** at 264 (some formatting altered and citation omitted).  "A litigant may seek to strike a void judgment at any time."  ***Id.*** (citation omitted); ***see also Mother's Restaurant v. Krystkiewicz***, 861 A.2d 327, 337 (Pa. Super. 2004).

It is well-settled that:

Service of process is a mechanism by which a court obtains jurisdiction of a defendant[], and therefore, the rules concerning service of process must be strictly followed.  Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against [the defendant].

Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action. . . . However, the absence of or a defect in a **return of service** does not necessarily divest a court of jurisdiction of a defendant who was properly served.  [T]he fact of service is the important thing in determining jurisdiction and . . . proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

***Cintas Corp. v. Lee's Cleaning Services***, 700 A.2d 915, 917-18 (1997) (citations and quotation marks omitted and emphasis in original).

The Pennsylvania Rules of Civil Procedure govern service and relevantly provide the following:

**Rule 402.  Manner of Service.  Acceptance of Service.**

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a).[4]

### Rule 405.  Return of Service

(a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith.  If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

\*     \*     \*

(b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

Pa.R.C.P. 405(a)-(b).

### Rule 424. Corporations and Similar Entities

---

[4] Although not implicated in this case, we note that the Civil Procedural Rules Committee is considering recommending the amendment of Pennsylvania Rule of Civil Procedure 400(b)(4) to limit service of original process by the sheriff or a competent adult to those cases in which there is a complete diversity of citizenship of all plaintiffs and all defendants, at least one defendant is a citizen of Pennsylvania, and the amount in controversy meets the threshold for federal diversity jurisdiction under 28 U.S.C. § 1332(a).

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424.

Finally, a "judgment is properly stricken where the record indicates a fatal flaw such as defective service" ***Vogt v. Liberty Mut. Fire Ins.***, 900 A.2d 912, 916 (Pa. Super. 2006).

## **Petition to Strike**

Appellant first argues that the trial court erred by striking the default judgment. ***See*** Appellant's Brief at 12. Specifically, Appellant contends that she properly served Appellees with the writ of summons and notice of intent. ***See id.*** at 20.

The trial court addressed the issue as follows:

> On March 10, 2025 a hearing was held on [Appellees'] motion. [Appellee Larry Jackson Sr.] alleged that he had never been served with the writ of summons or the complaint and alleged that he had not received Appellant's ten-day notice of intent to request entry of default judgment pursuant to Pa.R.C.P. 237.1. This court granted the petition that same day.

***See*** N.T., 3/10/25 at 21; ***see also*** Trial Ct. Op., at 2. Additionally, during that hearing the trial court stated,

Okay. The court finds in this particular case, that because of the procedural irregularities, because of the procedural delay, because basically the Office of Judicial Support was going to - its called a notice of termination because the case was inactive for so long, because of the confusion with the ten-day letter and the mislabeling of the ten-day letter. There's a lot of irregularities here. I think [Appellee Larry Jackson Sr.] deserves his day in court. So I'm going to open up this and strike the judgment at this point. We're going to proceed in litigation on this case.

*See* Trial Ct. Op., at 3 (formatting altered); *see also* N.T., 3/10/25 at 21.

In its analysis of the issues, the trial court stated:

This court found that [Appellee Larry Jackson Sr.] filed his petition to open or strike the judgment promptly. [Appellee Larry Jackson Sr.] alleged, and this court found credible, his assertion that he had not responded to the complaint because he had no notice and had not been served. It was further established that … [Appellees were] not served with Appellant's Rule 237.1 notice which is required prior to filing a praecipe to enter default judgment.

*See* Trial Ct. Op., at 5.

Following our review of the record, we conclude that the trial court did not err in striking the default judgment against Appellees. *See Grady*, 286 A.3d at 264-65. As this Court has stated before, "[a] petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *See Grady*, 286 A.3d at 264-65. Here, the trial court concluded that Appellee Larry Jackson Sr. credibly asserted that "he had not responded to the complaint because he had no notice and had not been served." *See* Trial Ct. Op. at 5. Additionally, the trial court found that Appellees were "not served with Appellant's Rule 237.1 notice which is required prior to filing a praecipe to enter default judgment." *See id*.

- 10 -

Further, the docket shows that there were four attempts of service on January 31, 2022. Appellant contends that she "successfully served" the writ of summons on Jackson and Son at the 20th Street property and Capstone at the Market Street property on January 31, 2022. *See* Appellant's Brief at 13-20.

As noted, Appellant argues that service to Jackson and Son at the 20th Street property was proper because this is the address where Jackson and Son's business entity number is registered. *See id.* at 13. Further, as stated above, Rule 424 requires service to a corporation or similar entity by "serving an executive officer, a person in charge of a regular place of business, or an authorized agent." *See* Pa.R.C.P. 424. There is nothing in the record to demonstrate that Carol Scott, mother of Appellee Larry Jackson Sr., is an authorized agent of Jackson and Son.[5] Therefore, Appellee was not properly served at that address. *See* Pa.R.C.P. 424.

Next, Appellant argues that service to Capstone was proper under Rule 402(a)(2)(iii). *See* Appellant's Brief at 16. The record reflects that Appellant served Capstone in care of Appellee Larry Jackson Sr. at the Market Street property, which was accepted by "Beverly/Rep." However, the record does not demonstrate that Capstone is a "usual place of business" for Appellee. *See* Pa.R.C.P. 402(a)(2)(iii). Additionally, there is nothing in the record that

---

[5] We have previously held that being a family member does not automatically mean an individual is an authorized agent of a corporation. *See Dubrey v. Izaguirre*, 685 A.2d 1391, 1394 (Pa. Super. 1996).

- 11 -

shows "Beverly/Rep" is an agent of Appellee Larry Jackson Sr. ***See id.*** Thus, we find Appellee was not properly served at this address.

Furthermore, the trial court noted that there were "procedural irregularities" within the case during the petition to open/strike the default judgment hearing. ***See*** N.T., 3/10/25 at 21. We note that the procedural irregularities include the two-year procedural delay and Appellant's confusion regarding the mislabeling of the ten-day letter. ***See id.*** at 16-21.

Accordingly, for these reasons, we find that the face of the record supports the court's decision to strike the default judgment. ***See Grady***, 286 A.3d at 264; ***Vogt***, 900 A.2d at 916.[6]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2026

---

[6] We note that the trial court's order opened and struck the default judgment. ***See*** Trial Ct. Order 3/10/25. The trial court only discussed the petition to open in the opinion. ***See*** Trial Ct. Op., 9/3/25 at 5-6. Having concluded that the petition to strike was proper, we conclude that it is unnecessary to discuss the petition to open. ***See Delaware Valley Landscape Stone, Inc. v. RRQ***, ***LLC***, 319 A.3d 551, 563 at n.11 (Pa. Super. 2024) (stating that "[b]ecause we hold that . . . default judgment must be stricken, we need address…[Appellants] arguments relating to its petition to open the default judgment or to the…final judgment.").